## CONNELLY et ux. v. LOUB.

No. 22449.   Sept. 25, 1934.

Rehearing Denied Dec. 4, 1934.

Application for Leave to File Second Petition for Rehearing Denied Dec. 18, 1934.

S. A. Horton and B. M. Parmenter, for plaintiffs in error.

Joe B. Allen, J. H. Jarman, and Thomas W. Caffey, for defendant in error.

McNEILL, J. This is an action in tort to recover damages for personal injuries sustained in an automobile accident which occurred just north of the intersection of Grand avenue and Broadway street in Oklahoma City.

The petition alleged in substance that the automobile, a Buick sedan, was the property of A. D. Connelly and was being driven by Edith Connelly, the wife of said A. D. Connelly, at the time of said injury in furtherance of the business of her husband; that said Edith Connelly was negligent in failing to keep said car under control and to give warning or notice of its approach; that she violated ordinance 3591, section A-7, of said city in making a left-hand turn from Grand avenue into Broadway street, and, in so doing, carelessly neglected to pass around the center of the intersection highway before making the left turn, contrary to said city ordinance and without regard for the safety of others; also, that Edith Connelly failed to drive the car to the right of the center of the highway in violation of section A-7 M of said ordinance of said city.

The answer is by way of general denial, and incorporated therein is a plea of contributory negligence. The issues were submitted to the jury and a verdict was rendered in favor of the plaintiff in the amount of $1,250.

The major questions involved relate to primary negligence, proximate cause, the plea of contributory negligence, and the question of whether the jury was properly instructed.

It appears that Edith Connelly, the wife of A. D. Connelly, was driving the automobile in question, which belonged to her husband. The accident occurred about three o'clock in the afternoon on June 3, 1930. The vehicle and pedestrian traffic at street intersection in question was regulated by traffic controlled signals. The signals, a few minutes prior to the injury complained of, were so lighted as to stop both vehicle and pedestrian traffic going east and west on Grand avenue. At that time the plaintiff was standing on the northwest corner of said intersection, facing the east and waiting for the traffic signals to change, so that he might proceed eastward across North Broadway street; and while he was so standing the defendant Edith Connelly had also stopped said automobile on Grand avenue facing east, so that said car was standing partly in the street safety zone and partly on the car track on said avenue. She also at said time was waiting for the traffic signals to change so as to permit her to proceed east into the intersection and thence turn to the north on North Broadway, the street which said plaintiff was seeking to cross after the change of said traffic signals. When the traffic control signals changed and permitted the east and west traffic to proceed, plaintiff stepped from the curbing at the northwest corner of the intersection where he was standing and started east, his objective being due east and to the northeast corner of said intersection. At the same time Mrs. Connelly proceeded and drove said car into the intersection, making a left-hand turn and following the northeasterly track of the street car around this curve to the left and then proceeded northward into Broadway street, across which plaintiff also proceeded to pass. The plaintiff was struck by the car before he reached the center of North Broadway street, being at the time a short distance from the center of said street and being west of the intersection point extending north to the center of said North Broadway street.

In an action of this kind, where the driver of the car is not the owner thereof, it is incumbent upon the plaintiff to prove, before he can predicate a tort liability on the ground of negligence against the owner of the car, the following:

(1) Occurrence of the injury.

(2) Ownership of the automobile.

(3) That the driver was servant or agent of owner.

((4) That such servant or agent was

acting within the scope of his authority concerning the master's business at the time of the injury.

See Stumpf v. Montgomery, 101 Okla. 257, 226 P. 65, 32 A. L. R. 1490; McCullough v. Harshman, 99 Okla. 262, 226 P. 555; Dillingham v. Teeter, 91 Okla. 165, 216 P. 463; Lee v. Pierce, 112 Okla. 212, 239 P. 989; Echols v. Hurt et al., 116 Okla. 43, 243 P. 493. See, also, McNeal v. McKain, 33 Okla. 449, 126 P. 742, 41 L. R. A. (N. S.) 775; Schmitt v. Kier, 111 Okla. 23, 238 P. 410; Campbell v. Kirkpatrick, 120 Okla. 57, 249 P. 508; St. John v. Ivers, 124 Okla. 215, 255 P. 706; Tibbits & Pleasant, Inc., v. Cook, 143 Okla. 101, 287 P. 1014.

Plaintiff submitted proof that A. D. Connelly was the owner of the car, and that Mrs. Connelly at the time of the accident was the driver of the car and was using the car in the furtherance of her husband's business.

No dispute is leveled to the ownership of the car or that Edith Connelly was not acting as the agent of her husband or within the scope of authority concerning her husband's business at the time of the accident. After establishing the foregoing essentials, it was then necessary for plaintiff, in order to hold the owner of the car liable on the ground of negligence, to prove the following:

(1) The duty on the part of the defendant to protect the plaintiff from injury.

(2) The failure of the defendant to perform that duty.

(3) Injury to the plaintiff proximately resulting from such negligence.

See Smith v. Clark, 125 Okla. 18, 256 P. 36; Chicago, R. I. & P. R. Co. v. Wainscott, 103 Okla. 187, 229 P. 808; Lakey v. North McAlester Coal Co., 98 Okla. 130, 224 P. 309; Armstrong v. Tulsa, 102 Okla. 49, 226 P. 560; Adrean v. Mathews, 104 Okla. 198, 230 P. 889.

By reason of the jog in the street, it is urged by the defendants that there was in fact no intersection between North Broadway street and Grand avenue. We are of the opinion that such contention is not tenable. When North Broadway street is produced south, Grand Avenue crosses the same. There is clearly an intersection between North Broadway and Grand avenue. The evidence shows that Mrs. Connelly was making a short cut through the intersection and failed to drive her car past the point of intersection, but circularly angled from the west to the north of said point of intersection by following the curved street car tracks which passed from Grand avenue into North Broadway. The evidence is conflicting at the exact point where plaintiff was struck. Plaintiff testified that he was struck before he reached the center of Broadway street. Mrs. Connelly testified, in substance, that she followed the street car track around the corner, which is shown by the exhibit in the record to be west of the intersection point between North Broadway and Grand avenue; that, as she was making the turn, which she thought was a correct turn, but which, in fact, unquestionably violated the city ordinance in disregarding the point of intersection, she saw a car coming from the east; that she hesitated to see if the car was coming straight on; that the car instead proceeding west turned to the right on North Broadway; that she also kept on going towards the north and drove parallel with the said car which had come from the east, and then, while proceeding in a very slow manner, at a rate of speed of about two or three miles an hour, with one hand on the steering wheel, her left hand being on the outside of the car for signal purposes, she struck the plaintiff and ran the automobile over his left foot.

It appears to be the theory of the defendants that the plaintiff actually stepped into the side of the car and was negligent in failing to notice the approach of said automobile. The city ordinance, A-7 D of ordinance 3591, of said city provides that the driver shall pass around the center of the intersection of the highway before turning. When Mrs. Connelly followed the street railway track in passing from Grand avenue through the intersection to North Broadway, it is apparent that this portion of the ordinance was not complied with.

It is also conclusive at the time of the accident that Mrs. Connelly was not driving to the right of the center of the highway at the intersection of highway with railway right of way as provided by section A-7 M of said ordinance 3591.

There was ample evidence to submit to the jury on the question of whether the injury sustained proximately resulted from the negligence alleged against the defendants.

We have examined the instructions submitted to the jury, and conclude that the issues were fairly and properly submitted to the triers of the facts under fair and proper instructions.

The verdict of the jury upon questions of fact submitted under proper instructions

from the trial court will not be disturbed on appeal if there is any evidence to support such facts when there is a conflict in the evidence. See Wetzel v. Rixse, 93 Okla. 216, 220 P. 607; Key v. Hill, 93 Okla. 64, 219 P. 308; Seyler Development Co. v. Mullen, 93 Okla. 292, 220 P. 471; Anderson v. Cardwell, 130 Okla. 92, 265 P. 627; Swindler v. Selby, 130 Okla. 294, 267 P. 471. In law actions this court is not concerned with the correctness of the determination of facts based upon conflicting evidence. Other contentions are urged. Suffice it to say, we find no prejudicial error. Substantial justice has been done.

Judgment affirmed.

RILEY, C. J., and OSBORN, BAYLESS, and WELCH, JJ., concur.