## WALL et al. v. WINN.

No. 27078. Dec. 1, 1936.

Rehearing Denied Dec. 22, 1936.

Butler & Brown, for plaintiffs in error.

E. F. Maley, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court. W. C. Winn, as plaintiff, recovered a judgment against George D. Wall and the Riley Motor Company, a copartnership, in the sum of $500 for personal injury and property damage arising out of an automobile accident on the streets of Okmulgee, Okla., on Sunday evening the 9th day of December, 1934. At the time of the accident plaintiff had parked his car on the west side of Oklahoma avenue running north and south and between Seneca and Trent streets, and

was in the process of crossing the street to go to church. Defendant Wall was going down Oklahoma avenue to pick up his daughter, who was at church.

Although the defendant Wall appeals by cross-petition in error, no brief has been presented, and in the absence of such presentation the record fully supports the judgment against him, and it is affirmed. In a separate petition in error and by brief duly filed, defendant Riley Motor Company presents the following specification of error:

"That the evidence produced in said cause is wholly insufficient to establish agency in plaintiff's petition, but affirmatively establishes that at the time of the accident, the defendant G. D. Wall was not engaged in any business for nor acting as agent of the defendant Riley Motor Company."

Defendant demurred to the evidence and moved thereafter for a directed verdict, which fully raises the question of the sufficiency of evidence to sustain the verdict and judgment of the court. We are of the opinion that there is no competent evidence tending to establish the relationship of master and servant within the meaning of the opinions of this court. In Connelly v. Loub, 169 Okla. 627, 38 P. (2d) 555, in the syllabus we said:

"In an action to recover damages against the owner of a car when the driver thereof, at the time of the accident, is not its owner, it is incumbent upon the plaintiff to prove, before he can predicate a tort liability on the ground of negligence against said owner, the following: (1) Occurrence of injury; (2) ownership of automobile; (3) that the driver was servant or agent of the owner; and (4) that such servant or agent was acting within the scope of his authority concerning the master's business at the time of the injury."

Defendant Wall had this car, owned by Riley Motor Company, which he kept at his home and used in collecting for said Riley Motor Company. The uncontradicted testimony is that defendant Wall was going after his daughter, who was at church. On several occasions, it was stated that the defendant was not required to work on Sunday. It was never shown that he was required to work on Sunday on an emergency or otherwise. The testimony is quite positive to the contrary. There is no competent evidence in the record to show that at the time of the accident defendant Wall was in the employ of the defendant Riley Motor Company or engaged in its business.

The judgment of the trial court is affirmed as to the defendant George D. Wall, and reversed and remanded, with directions to enter judgment for the defendant Riley Motor Company.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, and BUSBY, JJ., absent.