JONES v. SPICER'S, Inc.

No. 32355. Oct. 8, 1946.

*173 P. 2d 421.*

Sam S. Gill, of Oklahoma City, for plaintiff in error.

Butler & Rinehart, of Oklahoma City, for defendant in error.

DAVISON, J. This action was instituted in the district court of Oklahoma county by L. C. Jones, as plaintiff, against Spicer's, Inc., a corporation, as defendant, to recover property damages to a truck owned by plaintiff by reason of the alleged negligence of defendant.

The damages of which plaintiff complains arose out of a collision between two trucks, driven and headed in opposite directions on U. S. Highway 77, immediately south of Noble, Okla. Plaintiff's truck was being driven by his employee, Jim Case, in a northerly

direction, and defendant's truck was traveling south.

The cause was tried to a jury and resulted in a verdict and judgment in favor of defendant. The plaintiff has appealed and appears herein as plaintiff in error. We shall continue to refer to the parties by their trial court designation.

Defendant's truck was loaded with a dragline so that the total width of truck and load was 11 feet, 6 inches; the truck was towing a trailer 8 feet wide, and the load extended on the left side of the trailer about 18 inches. In passing, the front of plaintiff's truck struck the dragline, causing the damages complained of to plaintiff's truck.

The negligence complained of by plaintiff was the improper and negligent loading of the dragline by defendant, and in driving in such a manner that said dragline extended over and across the center line of the paved highway, and into and over a portion of the east side of the pavement.

The answer of the defendant denied it was negligent; stated the accident was unavoidable; and that plaintiff was guilty of contributory negligence.

The error complained of is the refusal of the trial court to give four requested instructions as follows:

"No. 1. You are instructed that under the law and the rules of the Highway Commission of Oklahoma in force at the time of the events involved herein, it was unlawful for a load over twelve feet in width to be upon Highway 77 at the point of the accident, and if you find by a preponderance of the evidence that the defendant's load was over twelve feet in width and that such width caused or contributed to plaintiff's damage, if any, that same would be negligence per se on the part of the defendant.

"No. 2. You are instructed that regardless of the width of defendant's load, and regardless of whether a permit had been issued therefor by the Highway Commmission of Oklahoma, that if defendant drove its truck down or along the highway at or near the point of the accident in such a position that any part of the truck, trailer or load extended over the center line of paved portion of said highway and to the left or easterly side of said pavement, that same would constitute negligence per se on the part of said defendant.

"No. 3. You are instructed that under the laws of Oklahoma, motor vehicles in passing from opposite directions shall each keep to the right of the center of the road, and this law includes not only the motor vehicle itself, but also any equipment thereon whether as a cargo, load or otherwise.

"No. 4. You are instructed that it is a violation of law for a truck, truck-tractor with semi-trailer attached, or trailer, or any one of them, when laden or when loaded with several objects, or objects which can be readily dismantled to be moved upon any road or highway within the state, when such vehicle or combination of vehicles, including the load thereon shall exceed nine (9) feet in width."

In order to determine whether the refusal to give the above instructions was error, it is necessary to examine and analyze the evidence in the case in connection with each of the requested instructions.

We are of the opinion that the court did not err in refusing to give requested instruction No. 1, supra. There was no evidence before the jury that the load was over 12 feet in width. Plaintiff's witness, Griffith, testified that the load was approximately 12 feet wide, but it was not shown that the witnesses measured its width. The only testimony of actual measurements of the width of the load was by defendant's driver of its truck, who testified that the actual width of the load was 11 feet, 6 inches. The evidence was therefore insufficient to authorize the giving of the requested instruction.

We further hold that it was not error in the trial court's refusal to give re-

quested instructions No. 2 and No. 3, supra. Both of these requested instructions were sufficiently and substantially covered in the following portion of the general instructions given, and not excepted to:

"It was the duty of the driver of the defendant's truck, in the operation of his vehicle, to take into consideration the load he was carrying; to take into consideration whether or not any part of his load extended over a large portion or any portion or either portion of the highway; it was his duty to take into consideration all of the conditions existing there at the time and in the operation of his vehicle to use ordinary care to avoid a collision; it was his duty to conform to and abide by the laws and rules of the road, one of which is, that, vehicles in meeting and passing, to keep to the right of the center part of said road and if you find that the driver of the defendant's vehicle, in the operation of his truck, violated any of these duties then, he was guilty of negligence. . . ."

A party is not entitled to have instructions, otherwise correct, given in the language in which he offers the same. Meiling v. Michael, 182 Okla. 508, 78 P. 2d 704.

We also hold that under the facts in the present case it was not error for the trial court to refuse to give requested instruction No. 4, supra. The defendant, preliminary to making the trip in question, had obtained a permit from the State Highway Commission permitting the load in question to be of "an overall width of 12 feet". The permit was issued pursuant to 47 O.S. 1941 §20.36, which provides that the State Highway Commission may grant permits for the transportation of oversize objects. This permit was in evidence and the load was therefore a legal load in width. The requested instruction, after consideration of the permit herein referred to, was not a correct statement of the law and it therefore was not error in the court's refusal to give same. Beck v. Day, 178 Okla. 310, 62 P. 2d 1014.

The instructions requested by plaintiff were either sufficiently and substantially covered by the general instructions given by the court, or misstate the law as applied to the facts shown by the evidence.

The brief of plaintiff also hints that the trial court committed error in not giving an instruction on the now alleged overweight of the defendant's truck. Such thought could not be correct for the reason that the case was not tried on such a theory. The general instructions of the court were fundamentally correct and no objections were made thereto; neither was there an instruction requested by plaintiff on such theory. Louis Berkman v. Unger Metals Corp., 190 Okla. 101, 121 P. 2d 606; City of Tulsa v. Lewis, 189 Okla. 470, 117 P. 2d 784.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, and WELCH, JJ., concur.