## CHUCK'S BAR v. WALLACE.

No. 32443. Dec. 10, 1946.

Rehearing Denied Jan. 21, 1947.

*176 P. 2d 484.*

Irvine E. Ungerman, of Tulsa, for plaintiff in error.

Hughey Baker, of Tulsa, for defendant in error.

WELCH J. Calvin S. Wallace sued Chuck's Bar, a copartnership composed of C. G. Collins and Lucille B. Collins, in the court of common pleas of Tulsa county, Okla., for damages because of injuries received from an alleged wrongful assault and attack upon Wallace by an alleged employee of Chuck's Bar. Judgment was rendered on the verdict of the jury assessing damages for plaintiff, and defendant has appealed.

From the evidence it appears that plaintiff entered defendant's place of business and therein purchased and drank beer; that a glass of beer was overturned and there ensued an argument and dispute between plaintiff and Janice Pierson, the manager of the place of business, as to whether the spilled beer should be replaced. During the argument Janice Pierson talked to her husband, Stanley Pierson, on the telephone and told him she was having trouble with a drunk. In a short time Stanley Pierson appeared on the scene and struck the plaintiff with a pistol which fired and slightly wounded and injured plaintiff.

Defendant, by verified answer filed,

denied that at the time and place Stanley Pierson was acting as agent, servant and employee of defendant and within the scope of his agency, service and employment

In this appeal in propositions 1 and 2 defendant contends the trial court erred in overruling the demurrer of the defendant to the evidence offered by the plaintiff, and in overruling defendant's motion for a directed verdict. The only issue of fact brought in question is the relationship of Stanley Pierson to defendant at the time and place the assault was committed.

The plaintiff testified that Mrs. Pierson was in charge of the place; that during the argument she talked on the telephone and in a short time thereafter some one hit him; that he learned later that Mrs. Pierson was talking to Stanley Pierson, who was in the basement underneath the barroom floor, and that Stanley Pierson was the person that struck him; that some time after the occurrence he talked to Stanley Pierson about the incident. That Stanley Pierson was regularly employed by defendant as a truck driver, but had at various times appeared in the barroom and had gone behind the counter and dispensed beer across the counter.

From the testimony of other witnesses it is shown that Janice Pierson was the manager and in charge of the conduct and operation of the barroom. That in the course of the argument, and disturbance created thereby, she told her husband, Stanley Pierson, to come up to the barroom; that she was having trouble with a drunk; that Stanley Pierson asked Roy Guyer to go up and "see what it is." That Stanley Pierson and Roy Guyer were each truck driver employees of defendant; that Roy Guyer entered the barroom and proceeded behind the bar and became involved in the controversy; that Stanley Pierson a short time later called Mrs. Pierson by telephone and inquired if everything was quiet and was told no, that "Roy could not do nothing with him." Stanley Pierson immediately went upstairs to the barroom and struck and shot the plaintiff.

One of the partners of the defendant partnership was questioned concerning the authority of Janice Pierson, as follows:

"Q. Was she in complete charge: She could instruct other employees what to do and when to do it? A. In that place."

Although there was direct evidence that Roy Guyer and Stanley Pierson were employed as truck drivers of defendant, the acts and conduct of the parties in this transaction and the surrounding circumstances support an inference that when not engaged in the operation of the trucks they were authorized to perform other services in the advancement of their master's business. Clearly the preservation of order in the barroom and the ejection of intoxicated persons therefrom was a part of the defendant's business and Janice Pierson was authorized to act, and to instruct other employees to assist, in the conduct of business. Defendant was required by law to procure permit to engage in the business of selling beer. In the very nature of the business, the suppression of disturbance and the eviction of a drunken person and the maintenance of order on the premises were necessary incidents or parts of the carrying on of the work and business of the defendant. The failure to maintain order or eject intoxicated persons would endanger the permit and right to operate the business. 37 O.S. 1941 § 162h provides that the county judge shall revoke such permit for "(1) drunkenness of the person holding such permit or permitting any intoxicated person to loiter in his place of business."

Under the circumstances the employment of a manager to operate the business would raise the inference that the manager was authorized to suppress disturbance and eject an intoxicated person even to the calling in of other persons if necessary to accomplish the master's business. On this subject we note the

154

following statement in the second paragraph of the syllabus in the case of Curran v. Dorchester Theatre Co. (Mass.) 32 N. E. 2d 690.

"Where usher who called on substitute to act in his place was authorized by defendant so to do and substitute was acting as servant or agent of defendant and within scope of his employment when he ejected boy from moving picture theater, defendant was liable for conduct of substitute, even if substitute used unnecessary force in ejecting boy."

In Fanciullo v. B. G. & S. Theatre Corporation, 297 Mass. 44, 8 N. E. 2nd 174, in the first paragraph of the syllabus we note this language:

"Test of master's liability for servant's wrongful act is whether act was done in course of doing master's work and for purpose of accomplishing it, and if so done, act is that of master, and master is responsible whether wrong done was occasioned by negligence, or by wanton and reckless purpose to accomplish master's business in an unlawful manner."

Although it be contended herein that Pierson was motivated by personal interest in Mrs. Pierson's argument with plaintiff, it might also be said herein, as stated in Ridge v. J. J. Foley Cafe, Inc. (Mass.) 61 N. E. 2d 329:

"The jury, of course, could find that the bartender did assault the plaintiff, and could infer that the assault was not motivated by any private grudge. They could find that it was the result of an unduly violent attempt in the interest of the defendant. . . ."

In that case in the syllabus it was said:

"In action for damages for assault allegedly committed by bartender employed by defendant when plaintiff went to barroom to get more liquor and money left with bartender, evidence supported verdict for plaintiff on ground that bartender acted within scope of employment in assaulting plaintiff."

Under the rule that a demurrer to the evidence admits all the facts which the evidence tends to prove and infer-

ences and conclusions which may logically and reasonably be drawn therefrom, we think the evidence hereinbefore recited would warrant the trial court in finding that Janice Pierson, the manager, called upon Stanley Pierson to quiet the plaintiff and preserve order and was authorized by defendant so to do, and that Stanley Pierson was in fact acting as the servant of the defendant and within the scope of his employment when he attempted to quiet plaintiff and restore order, and even though he used excessive force in the attempt and injured plaintiff, he was nevertheless endeavoring to preserve order and acting in the course of his employment and the defendant became liable for his acts.

There was no error by the trial court in overruling the defendant's demurrer nor in overruling the defendant's motion for a directed verdict.

"Where there is any competent evidence offered by the plaintiff reasonably tending to establish plaintiff's cause of action alleged in his petition, and which reasonably tends to support a verdict and judgment for plaintiff, defendant's demurrer to the evidence and motion for a directed verdict should be overruled." Hatmaker v. Gripe et al., 184 Okla. 26, 84 P. 2d 418.

In proposition defendant asserts that the trial court committed reversible error in having made certain comments and remarks in the presence of the jury which reflected on the merits of the plaintiff's cause, the weight of the evidence, and which directly influenced the amount of the jury's verdict.

It appears that in the argument to the jury defendant's counsel made reference to plaintiff's cause of action as being an attempted shakedown. Plaintiff's counsel made an objection and defendant's counsel made a statement to the court as to the basis for making the statement. The court made a statement to the jury that counsel in arguing their case can draw any deductions that are reasonable from the testimony, and if the deductions that are sought

to be drawn are not reasonable deductions, then the jury will disregard such deduction. Counsel for plantiff persisted in a request that the court instruct the jury not to consider the statement as to a shakedown. The court reviewed the statement and explanation offered for the making of the statement to the jury with reference to argument of counsel and then stated he could not express his opinion, and then stated to counsel that he did not think counsel for either side would ever be injected into a case that would be a shakedown.

Although the latter statement might be interpreted so as to become an improper comment to be made in the presence of the jury, it will be noted that it was addressed to counsel and it can be said with more reason to be an expression of opinion of counsel rather than an opinion reflecting on the merits of plaintiff's cause, nor does it appear to be an expression as to the weight of the evidence. The amount of the verdict herein was most reasonable in the light of plaintiff's injuries, and there is no indication that the court's comment influenced the jury as to the amount awarded plaintiff.

We have examined the record as to all statements made by counsel and the court and leading up to comments complained about and do not believe that defendant's rights were prejudiced by the remarks of the court.

Remarks of the court during the trial of a cause will not constitute reversible error, unless it be made to appear that complainant's rights were prejudiced thereby. Love v. Reynolds, 36 Okla. 297, 128 P. 242.

In propositions 4 and 5, it is urged by the defendant that the court erred in instructing the jury as per instructions 7 and 8 for the reasons that the instructions either assume or submit to the jury for determination questions of fact not in evidence or contrary to the uncontradicted testimony of the witnesses; that the court erred in rendering a judgment for the plaintiff upon the verdict returned by the jury.

Instructions Nos. 7 and 8 given by the trial court are as follows:

"You are instructed that under the evidence in this case, Mrs. Pierson was the manager of Chuck's Bar No. 2, where the controversy arose, and as such manager, was the agent of the defendant partnership for the purpose of operating and maintaining said business, and of doing such acts as are reasonably necessary to carry out such duties, and in doing so her acts are the acts of the defendant.

"You are further instructed that in the event you find from the evidence that Stanley Pierson entered Chuck's Bar No. 2 at the request of the manager, for the purpose of maintaining order, or of ejecting a person then doing an unlawful act, the act of Stanley Pierson in carrying out those purposes are in law the acts of the defendant."

As noted above, in the discussion of propositions 1 and 2, the evidence is undisputed that Mrs. Pierson was the manager of the business and there was evidence tending to prove that Stanley Pierson entered the place of business at her request and for the purpose of maintaining order or evicting an intoxicated person and with authority and in the interest of defendant.

Defendant complains of the failure of the trial court to give certain requested instructions for the defendant predicated on findings by the jury that Stanley Pierson was without authority from defendant, that his acts were not done in furthering the interest of his employer, and that plaintiff provoked the assault. The instructions given fairly state the theories of the plaintiff and the theories interposed by the defendant in connection with the defense of the action and the instructions given, Nos. 12 to 18, inclusive, embody, in substance, the instructions requested by defendant. The instructions, as a whole, fairly presented the law applicable to the pleadings and evidence.

The record discloses competent evi-

dence tending to support the verdict of the jury.

The judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur.

Rehearing Denied Jan. 21, 1947.