WEST et al. v. CLOPINE.

No. 33149.   Oct. 19, 1948.

*198 P. 2d 742.*

CORN, J. Plaintiff brought this action to recover damages for personal injuries alleged to have been sustained as the result of a collision between an automobile owned and operated by her husband and an automobile owned by defendant Elda West, a restricted Osage Indian, while same was being driven by defendant Delphine West, a daughter-in-law.

Plaintiff alleged she was a passenger in her husband's car, which was being operated in a careful and prudent manner, on the night of March 9, 1946. Approximately four miles north of Oklahoma City, while traveling north, they were met by the defendant's car, driven by Delphine West, who was under influence of intoxicants at the time; that she drove around a curve at a high rate of speed and in violation of the rules of the road, and lost control of the automobile so that it crashed into the car in which plaintiff was riding, causing the injuries for which plaintiff sought recovery. It was further alleged Delphine West was driving this car without a driver's license and in a careless and dangerous manner, after having received permission of Elda West to drive said car, and with her full knowledge and consent and while upon a mission for her and upon business acquiesced in by Elda West.

Defendant Delphine West filed answer in the form of general denial, and also relied upon the affirmative defenses of unavoidable accident and contributory negligence upon the part of plaintiff's husband in failing to dim the lights upon his car when approaching defendant's automobile.

Defendant Elda West answered that the trial court was without jurisdiction over her, made general denial of the allegations of the petition, and pleaded contributory negligence, which answer was duly verified.

Upon the issues formed by the pleadings the cause was tried to a jury and a verdict in favor of plaintiff for $3,000 was returned against defendants joint-

Looney, Watts, Fenton & Looney, of Oklahoma City, and T. F. Dukes, of Hominy, for plaintiffs in error.

John W. Tillman and Fred A. Tillman, both of Pawhuska, for defendant in error.

ly. Defendants filed separate motions for new trial which were overruled, and defendants have filed separate briefs on appeal, seeking individually to reverse the judgment rendered. For this reason we shall consider separately the matters urged by each defendant dealing first with the errors asserted by Delphine West.

The record establishes the following facts: Elda West is a restricted Osage Indian and was owner of the car driven by Delphine West, a daughter-in-law living in the West home. She was unable to drive a car and her guardian (T. F. Dukes, an attorney) employed one Kelley as a chauffeur. His instructions were that no other person was to be allowed to drive the car without the guardian's permission. On the morning of the day of the accident Johnny West, husband of Delphine, obtained permission to use the car for the purpose of making a trip into Pawnee county to see Delphine's mother who was ill. Delphine then prevailed upon Johnny to allow her to take the car to go and visit her mother, although his directions were that she go only to Red Rock (to visit her mother) and not elsewhere. Thereafter this defendant drove to Red Rock, on to Ponca City where she picked up her niece, then to Perry, and from there to Guthrie and then on toward Oklahoma City to visit defendant's sister.

When about four miles north of Oklahoma City, about 8:30 p. m., and while in the process of negotiating an "S" curve in the highway, defendant lost control of her car which skidded along and across the highway in such a manner as to strike the car in which plaintiff was riding and causing the injuries of which she complained. No issue is presented concerning the nature or extent of plaintiff's injuries, and it is sufficient to observe that the evidence amply sustains the jury's verdict in this respect. After the accident empty beer bottles were found around defendant's car, and the odor of intoxicants was detected about defendant. Some of the witnesses testified defendant was under the influence of intoxicants. Following the accident defendant gave the name of a married sister and also produced this sister's driver's license, having none of her own.

Concerning the physical facts surrounding the wreck, plaintiff's evidence tended to show that her husband was driving the family car north along the highway in a careful and prudent manner and was at about the center of the curve with his car's lights on dim when defendant's car came down a slight incline into the curve at a high rate of speed. The car left the paved road and raised a cloud of dust and then pulled back onto the highway and when near plaintiff's car, defendant's car commenced to slide sideways along and across the highway, finally striking plaintiff's car and then sliding into the ditch on the right hand side of the pavement.

Defendant's testimony was to the effect that she was driving south along the highway at about 40 miles per hour, and in coming up a slight hill she was blinded by bright lights and applied her brakes in an effort to stop the car but was unable to do this; that the car went off the highway and bounced back upon the pavement and that was all defendant remembered until she came to later. She also testified she had not been drinking, did not have beer in the car and if there were bottles in the car, she did not know it, although the rest of the family drank beer.

In behalf of defendant Delphine West it is first contended that the trial court erred in allowing the introduction of any evidence concerning defendant's failure to have the driver's license required of all operators of automobiles in this state.

The evidence established that at the scene of the accident this defendant produced a driver's license belonging to another person, and gave that person's name as her own, and this fact was not discovered for some time after the acci-

dent. No contention was made that defendant's failure to have a proper driver's license served as the proximate cause of the collision. However, it is defendant's contention that her failure to have a proper license was merely a condition and not a cause of the wreck, and that the admission of any testimony concerning this, over defendant's objections, was highly prejudicial to defendant's case, thus preventing her from having an impartial trial.

At the close of the evidence defendant submitted a requested instruction to the effect that the jury should disregard entirely any testimony as to her failure to have a driver's license since such failure could not be the proximate cause of the collision and unless defendant was found to be negligent in some other manner they should return a verdict for defendant. This requested instruction was refused. However, in this connection, the trial court gave the following instruction:

"No 8. You are instructed that the plaintiff in this action waives her claim against the defendants in so far as the failure of the defendant Delphine West to have a driver's license being the proximate cause of the injury complained of; and you are instructed not to consider any evidence with reference thereto."

By this instruction the court advised the jury that no claim of any kind was made against defendant by reason of her failure to have the required license as being the proximate cause of injury, and that the jury *was not to consider any testimony* with reference to this feature of the case. Comparison of the requested instruction and the instruction given by the court shows that under the instruction given the jury was told they could not consider any evidence with reference to defendant's failure to have a driver's license. By other instructions which were given, the jury was further advised that unless they found defendant was negligent in some other manner which was the proximate cause of the accident, then plaintiff could not recover. The evidence complained of was expressly withdrawn from the jury's consideration. Although defendant asserts that the admission thereof was prejudicial, it is not established that this evidence alone tended to influence the jury's verdict, especially in view of the other record evidence which is sufficient to support the verdict. There being no showing that the alleged incompetent evidence prejudicially affected defendant's case, the error, if any, is not sufficient to warrant reversal of the judgment. Peoples Finance & Thrift Co. v. Fuller, 196 Okla. 32, 162 P. 2d 189; Pinkerton et al. v. Carter, Adm'r, 197 Okla. 95, 169 P. 2d 192.

Defendant next contends the trial court committed reversible error in failing to submit her theory of the case to the jury under proper instructions when there was competent evidence to sustain same. Defendant says her entire case was based upon the theory that she was blinded by bright lights and that this caused the collision, rather than any negligence on her part; and since she introduced testimony to this effect and requested instructions upon this feature which were refused, there was reversible error in the refusal to submit this issue to the jury. Defendant's testimony was that the lights on the car in which plaintiff was riding were not dimmed. This was controverted by the testimony of both plaintiff and her husband, and the matter was for the jury's determination.

Defendant's requested instruction No. 3 was to the effect that the jury should find for defendant if it was determined from the evidence that she lost control of her car because blinded by the lights on plaintiff's car and that this resulted in the collision since it would then be termed an unavoidable accident. The substance of requested instruction No. 4 was that if negligence in operation of plaintiff's car contributed to the collision in that plaintiff's husband failed to dim his lights and this blinded defendant and caused her

to lose control of her car resulting in the accident, then the verdict should be for defendant.

The trial court refused the requested instructions because . the substance thereof was covered by the instructions given. The trial court instructed the jury as to negligence, proximate cause and contributory negligence, including the statement that any act or omission of plaintiff's husband to use ordinary care which might have concurred with defendant's negligence and contributed to or caused the accident, would be binding upon the plaintiff. Thereafter the court instructed the jury upon the theory of unavoidable accident.

. No particular instruction need contain all the law of the case if the instructions, when considered as a whole, fairly present the law applicable to the issues. In the general charge to the jury the court advised the jury as to defendant's claim that the accident resulted from defendant's being blinded by the bright lights of plaintiff's car. The other necessary elements to be considered by the jury were given, as above mentioned. The matter urged by defendant was sufficiently covered in the general charge to submit the issues of fact to the jury. In such instances it is not error to refuse a special requested instruction. Jones v. Spicer's Inc., 197 Okla. 574, 173 P. 2d 421; Chuck's Bar v. Wallace, 198 Okla. 152, 176 P. 2d 484.

Defendant's last contention is that the trial court erred in charging the jury as follows:

"No. 12. You are instructed that it is a violation of the law of this state to operate an automobile upon the public highway while under the influence of intoxicating liquor; and you are further told that under the law of this state it is the duty of persons operating an automobile in passing a car traveling in the opposite direction to pass to the right of the center of the highway in the respective directions in which they are traveling.

"It is also the duty of persons operating automobiles to operate such cars at a speed not greater than will permit such cars to be brought to a stop within the assured clear distance ahead.

"And in this connection you are told that a violation of the law in either of these respects upon the part of the operator of an automobile is negligence of itself. And in this connection, you are further told that this law applies with equal force to the operators of both automobiles involved in the accident complained of.

"Instruction No. 12 Excepted to by the defendant.

"Hugh C. Jones, Judge."

Defendant asserts there was no competent evidence in the record to indicate she was intoxicated and that to instruct upon this issue was highly prejudicial to defendant's case. The record reflects that there was testimony, in behalf of plaintiff, to the effect that defendant appeared intoxicated, and that there were bottles upon the pavement at the scene of the accident, and further testimony that defendant smelled of intoxicants. A state officer testified he did not think her ability was impaired, although defendant appeared to have been drinking. Defendant's alleged condition was one element of negligence set forth in plaintiff's petition. Testimony upon this feature of the case was conflicting. Under these circumstances it was proper for the trial court to instruct thereon. The issue being present in the case, this question was for the determination of the jury under the conflicting testimony introduced.

We next consider the appeal of the defendant Elda West, who owned the automobile driven by Delphine West. Plaintiff's petition alleged this defendant's ownership of the car and that Delphine West had theretofore driven the car with defendant's permission. It was further alleged:

" . . . and that she was driving the same upon the occasion with a full knowledge and consent of the owner

of said car, Elda West, and upon a mission for her and upon business acquiesced in and agreed to by the said owner of said car."

It is defendant's contention that the trial court erred in overruling her motion for a directed verdict, the evidence failing to establish existence of a principal and agent relationship. Thus the only question is whether the evidence was sufficient to establish Delphine as her agent at the time of the accident.

The evidence upon which plaintiff relied as establishing the alleged agency may be summarized as follows: An attorney, T. F. Dukes, was guardian of Elda West, a restricted Osage Indian. The guardian hired one Kelly as chauffeur for defendant and use of the automobile was restricted to him, unless the guardian granted others permission to use the automobile. Defendant's son had been granted permission by the guardian at different times to drive the car. One witness testified Delphine West, wife of defendant's son and codefendant herein, had driven the car once or twice, but he did not know whether defendant permitted the daughter-in-law to drive the car or not. There was no evidence to show defendant ever knew that Delphine drove the car.

The day of the accident defendant's son secured the car with the guardian's permission, for the expressed purpose of making a trip to Pawnee county. One Elrod was in the West home at the time she took the car, and he testified that he did not know whether defendant knew Delphine was driving her car.

Delphine testified that when her husband got the car she then prevailed upon him to let her drive it to Pawnee county that day, which he agreed to do, but without the guardian having knowledge of this. She further testified that she slipped out in order to keep defendant from knowing she was going on a trip of her own and that she took the car without permission to do so.

Upon substantially the foregoing evidence the issue as to existence of agency was submitted to the jury. No presumption of agency exists and the burden of proving the fact of its existence, nature and extent, rests upon the party alleging same. See 12 O. S. 1941 §286; Hayes v. Charter Oak Fire Ins. Co., 193 Okla. 617, 145 P. 2d 941; Farmers Automobile Inter-Ins. Exchange v. Little, 191 Okla. 244, 129 P. 2d 70.

In Connelly et ux. v. Loub, 169 Okla. 627, 38 P. 2d 555, 556, cited and relied upon by defendant, is found the following statement, supported by numerous decisions of this court:

"In an action of this kind where the driver of the car is not the owner thereof, it is incumbent upon the plaintiff to prove, before he can predicate a tort liability on the ground of negligence against the owner of the car, the following: (1) Occurrence of the injury; (2) ownership of the automobile; (3) that the driver was servant or agent of owner; (4) that such servant or agent was acting within the scope of his authority concerning the master's business at the time of the injury."

It is unnecessary to multiply the authorities in support of the rule announced, or to consider the matter at length, since it is obvious from the evidence that Delphine West was not acting as defendant's agent, or within the scope of her authority as to defendant's husband at the time of the accident. The evidence, when viewed in the light most favorable to plaintiff and with all reasonable inferences to be drawn therefrom, does no more than establish that defendant knew her son and Delphine were going to use the car to drive to Pawnee county. Accepting this as true, it is insufficient to establish liability upon defendant for any acts of negligence committed by Delphine, since it is clear she was not acting under orders or direction from defendant, but solely in her own interests and upon her own mission. See Crowe v. Peters, 171 Okla. 433, 43 P. 2d 93; Gallagher et al. v. Holcomb, 172 Okla.

1. 44 P. 2d 44; Randolph v. Schuta, 185 Okla. 204, 90 P. 2d 880.

The trial court erred in denying defendant Elda West's motion for directed verdict. For this reason the judgment against Elda West is reversed and remanded to the trial court, with directions to render judgment for defendant. The judgment as to Delphine West is affirmed in all respects.

DAVISON, V. C. J., and RILEY, BAYLESS, and LUTTRELL, JJ., concur. HURST, C. J., and WELCH, GIBSON, and ARNOLD, JJ., dissent.

