ALEXANDER et al. v. MAYFIELD.

No. 35029.   Oct. 28, 1952.

Rehearing Denied Nov. 25, 1952.

*250 P. 2d 211.*

470

Charles E. Grounds and E. Keith Cooper, Seminole, for plaintiffs in error.

Charles Sims, Seminole, for ·defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court.

Plaintiff brought this action to recover damages alleged to have been sustained as a result of a collision between a pickup truck owned by the defendant Melinda Alexander, now Larney, and operated by the defendant John Larney, and a motor scooter which plaintiff's minor son, Russell Mayfield, was riding. The alleged damages were for hospital and medical bills paid or incurred. Susie Larney and Walter Larney were passengers in the pickup truck at the time of the collision and were made parties defendant, but demurrers on their behalf were sustained and they are not involved in this appeal. Demurrers and motions for directed verdict on behalf of the defendants, Melinda. Alexander, now Larney, and John Larney, were overruled and the jury returned a verdict in favor of the plaintiff and against said defendants.

The only assignment of error urged by the defendant John Larney on his appeal is that the verdict is not sustained by sufficient evidence and is contrary to law. This requires us to review the record. No witness described the collision with any real clarity, but there is sufficient evidence in the record to justify a finding that John Larney was driving the pickup truck at a reckless and excessive rate of speed and that such speed was the proximate cause of the collision and resulting damages. The question of contributory negligence was submitted to the jury by appropriate instructions. We find no error as to the defendant John Larney and the judgment against him is affirmed.

The appeal of Melinda Alexander, now Larney, is well taken. The trial court committed error in overruling the demurrer which she interposed to plaintiff's evidence and in overruling her motion for directed verdict at the close of all the evidence.

Plaintiff's petition contained the following allegations against the defendant Melinda Alexander, now Larney:

"This Dodge pickup was being driven by John Larney, but it was owned by Melinda Alexander, who was in the pickup at the time it struck Russell, and was under her control and supervision at the time the injury to plaintiff occurred.".

"This Dodge pickup was being driven upon a joint mission for John Larney, Susie Larney, Walter Larney and Melinda Alexander, in that they were coming to the City of Seminole at the time for the purpose of purchasing beer and whiskey to be consumed by all four (4) of them, in pursuance of the drinking spree they were then on."

"Melinda Alexander, Susie Larney and Walter Larney each knew, or should have known, that John Larney was too intoxicated to be operating this. vehicle upon public streets and state highways of the State of Oklahoma, but continued to allow him to operate the. motor vehicle."

There was a complete failure of proof as to these allegations, except that the truck was admittedly being driven by John Larney and was owned by Melinda Alexander, now Larney. She was. not in the truck at the time of the. accident. There was no evidence, nor even any plausible inference, that she had any interest in the mission on which the occupants of the truck were engaged. There is only inferential evi-

dence that the driver, John Larney, was intoxicated and no evidence that Melinda Alexander, now Larney, knew, or should have known, what his condition was.

Plaintiff's evidence directed against the defendant Melinda Alexander, now Larney, when viewed in the light most favorable to plaintiff and with all reasonable inferences to be drawn therefrom, does no more than establish that she gave permission to her husband, the defendant John Larney, to use her pickup truck for a mission in which she had no interest. This is insufficient to impose liability upon her for the negligence of John Larney.

The trial court submitted the question of agency to the jury. This was error. The facts in the instant case are similar to the facts in the case of West v. Clopine, 200 Okla. 625, 198 P. 2d 742, and we hold, as we there held, that the motion for directed verdict interposed by the owner of the motor vehicle should have been granted.

Although it is unnecessary to the decision in this cause, we point out that the trial court committed further error in submitting to the jury that portion of instruction No. 15 which permitted plaintiff to recover against the defendant Melinda Alexander, now Larney, under the "family purpose" doctrine. The fact that a motor vehicle is being operated by a member of the family of the owner thereof at the time an injury to another occurs does not make such owner liable for the damage sustained, and a person asserting such liability must show that the driver of the vehicle was acting as the servant or agent of the owner at the time of the injury. Jamar v. Brightwell, 162 Okla. 124, 19 P. 2d 366; Stumpf v. Montgomery, 101 Okla. 257, 226 P. 65, 32 A.L.R. 1490.

The judgment of the trial court is affirmed as to the defendant John Larney. The judgment of the trial court is reversed as to the defendant Melinda Alexander, now Larney, with instructions to enter judgment for said defendant.

This court acknowledges the services of Attorneys W. E. Robertson, W. Otis Ridings and O. J. Roberts, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.