Elmer MYERS, Plaintiff in Error,

v.

J. W. MYERS, Defendant in Error.

No. 35874.

Supreme Court of Oklahoma.

Sept. 14, 1954.

Young, Young & Young, Sapulpa, for plaintiff in error.

Wallace & Wallace, Maurice Lampton, Sapulpa, for defendant in error.

O'NEAL, Justice.

This is an action for damages for personal injury by reason of a physical encounter between plaintiff and defendant. The case was tried to a jury which returned a verdict for plaintiff for $1,000. Judgment was entered on the verdict and defendant appeals. In four propositions defendant presents the argument that the court erred in submitting the case to the jury over the demurrer to the evidence and motion for a directed verdict.

The evidence discloses that the defendant was the fifty year old son of plaintiff and at the date of the trial was the owner and operator of the Sapulpa Recreation Parlor;

that the plaintiff is his father who, at the date of the trial was 72 years of age. Plaintiff had been in the premises on the morning of October 2, 1951. At approximately 5 o'clock in the afternoon of the same day he returned to the establishment. He testified that he returned to get his son to call him a taxi so that he could go home. He was conducted from the place by his son and forcibly placed outside the door of the establishment on to the street. Defendant testified that he was drunk. Plaintiff denied this and there is evidence that plaintiff was drunk and also evidence that he had been drinking but was not drunk. During the ensuing activities plaintiff's leg was broken at the ankle and he was subsequently placed in the hospital. The action is for the damage resulting from the broken leg and pain and suffering and medical expenses therefor.

■ It is argued that plaintiff did not establish the cause of his injury but was uncertain and indefinite as to its cause. We are of the opinion that the evidence of plaintiff is sufficient to support the finding which we must assume the jury made by the return of the general verdict, that the physical acts of defendant caused or contributed to the broken leg.

■ In the second proposition defendant states that the trial court erred in submitting the case to the jury because there is no evidence that wrongful acts of defendant caused plaintiff's injury. Defendant cites Willet v. Johnson, 13 Okl. 563, 76 P. 174. It is not denied that plaintiff sustained an injury resulting in a broken leg. Willet v. Johnson, supra, was discussing a very involved and complicated question of the result of an injury. The question in the present case was as to the cause of the broken leg and the extent of a simple injury or damage therefrom. The evidence, both lay and medical, supports the damage resulting from the broken leg. The cause thereof was a question for the jury.

In proposition three defendant states:

"A son may use reasonable means to care for his father while intoxicated and is not liable for unavoidable and unforeseeable accidents occurring to his father while so doing. The trial court under the undisputed facts of this case erred in submitting the case to the jury."

The testimony of defendant in part is as follows:

"Q. What happened then when he came back in drunk? A. I didn't see him then. Some boys were playing the amusement machine and I had my back to him, and he took a run and hit me with his shoulder, and I got overbalanced and hit myself on the marble machine, and I bawled him out and told him to sit down and he sat in a steel lawn chair, and I went to him and picked him up and said, 'You are too drunk to be in here; go out and get some air.' And he jerked from me and fell and I picked him up and he got hold of the door facing and I pushed him out the door and hooked the screen door and he said, * * * and I pushed him on out the door, and he got hold of the door, jerking on it, and slipped and fell.

"Q. What happened after that? A. I called the police when I hooked the door. The 'phone was right beside the door and I called the police station."

■ There is other evidence which considered with the statement of defendant makes this issue a question of fact which the trial court properly submitted to the jury.

■ In propositions one and four defendant argues that he had a right to use reasonable force in clearing his establishment of an unruly person. Defendant cites Chuck's Bar v. Wallace, 198 Okl. 152, 176 P.2d 484, 485. Therein the court affirmed a judgment for plaintiff who was injured in a fight in a tavern. The statement as to the rights and duties of the tavern owner was made in approving an instruction on agency. We hold that the rule announced therein does not justify as a matter of law the acts of defendant in the case under consideration. The amount of force used and the circumstances under which it was used constituted a question of

fact properly submitted to the jury. In Chuck's Bar v. Wallace, supra, it is stated:

"When there is any competent evidence offered by the plaintiff reasonably tending to establish plaintiff's cause of action alleged in his petition, and which reasonably tends to support a verdict and judgment for plaintiff, defendant's demurrer to the evidence and motion for a directed verdict should be overruled."

Judgment affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.