## SCHMITT v. KIER, Gdn.

No. 14891—Opinion Filed May 5, 1925.

Rehearing Denied July 14, 1925.

**1. Master and Servant—Doctrine of Respondeat Superior—When Applicable.**

The doctrine of respondeat superior applies only when the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged as a result of the wrong.

**2. Parent and Child—Liability for Negligent Operation of Automobile by Child—Agency.**

A father is not liable for the negligent operation of an automobile by his minor son, unless in its operation the relation of principal and agent exists between the father and son.

**3. Same—Family Car Used by Son on Own Mission—Non-Liability.**

A father is not liable for injury to a third person arising from the negligence of his son while driving alone with the father's consent on his, the son's, mission and pleasure, the automobile owned and kept by the father for the pleasure and convenience of his family, since such son, under the circumstances, is not the agent or servant of the father.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Cleveland County; W. L. Eagleton, Judge.

Action by J. F. Kier, guardian of J. B. Kier, incompetent, against Henry J. Schmitt. From judgment for plaintiff, defendant appeals. Reversed.

Hardie & Grim, for plaintiff in error.

Ben F. Williams and John E. Luttrell, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. J. F. Kier, guardian of the estate of J. B. Kier, incompetent, had judgment on verdict for $2,000 against defendant, Henry J. Schmitt, for personal injuries to said ward, run down on the streets of Norman by motor car owned by defendant and driven by his minor son, Joe Schmitt. It is neither questioned that said driver was negligent nor that said ward was injured. It is undisputed that defendant owned and kept the car for the pleasure and convenience of his family; that said son resided at home, and on this occasion, dressed in costume, had driven the car, unaccompanied by any other member of the family, from the home to have his

shoes shined, and that on his way thence to a masquerade function, the accident occurred. Recovery was not sought on the theory that defendant permitted a known immature reckless driver to use the car, but upon the theory that such son was the agent of defendant and was driving the car at the time of the accident, within the scope of his authority as such agent. Plaintiff alleged—

"That the said Joe Schmitt was in the possession, use and control of said car at said time with the knowledge, authorization and direction of the defendant, and was at said time engaged in the prosecution of the business, interest and duties of the defendant."

In response to a special interrogatory, the jury found that said son of defendant was using the car at the time of the accident for his own purpose and in accordance with his own wishes and desires. The jury found on conflicting evidence — it inheres in the verdict—that the father consented to the use of the car by the son. The father admitted that he knew his son intended to go to the party. There is no further evidence connecting the father with the mission of the son in going to the party.

1. The doctrine of respondeat superior applies only where the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged as a result of the wrong. Doran v. Thomsen, 76 N. J. 754, 71 Atl. 296, 19 L. R. A. (N.S.) 335, 131 Am. St. Rep. 677.

2, 3. The instant case is ruled by the recent case of Stumpf et ux. v. Montgomery. 101 Okla. 257, 226 Pac. 65. The sixth and seventh syllabi of the Stumpf Case are:

"Where a servant, with the master's consent, takes the latter's car and while using it for his own purposes, negligently injures a person, the master is not liable.

"The owner of an automobile, who has purchased the same for the use and pleasure of himself and family, is not liable to third persons for injuries sustained in its operation by his daughter, in furtherance of her own business and pleasure, and the fact of special general permission to use the car is wholly immaterial."

In the opinion, it is also said, citing numerous authorities:

"The liability in each case must be determined according to whether the driver was about the owner's business at the time the accident occurred, and it cannot be said that there is any liability resting upon a parent who has furnished the car for the use of a child when the car is being driven at the time of the accident by the child for her own pleasure and not connected with any business of the father. It is stretching the law too much to say that the operation of the car under these circumstances is on business of the father."

The son was not accompanied by any other member of the family or guest of the family as in McNeal v. McKain, 33 Okla. 449, 126 Pac. 742. The facts of the instant case are analogous to those of the Stumpf Case. Here, as in the Stumpf Case, because of the difference of fact from the McNeal Case, it is unnecessary to consider the rule of the latter case.

In support of the judgment, it is urged that in having his shoes shined, said son Joe was engaged in the business of his father, since it was the duty of the father to clothe and prepare the son for such social function: that it was the duty of the father to see that such son was properly groomed, and therefore the son was the agent of the father in making the trip to the shining parlor. While it was the duty of the father to support and maintain his minor son, we do not think that duty constituted said son the agent of the father in making said trip. The plaintiff thus failed to establish the relation of principal and agent between defendant and his said son, and the trial court erred in overruling the demurrer to the evidence of plaintiff. It is unnecessary to consider other assignments of error. Let the judgment be reversed, with directions to sustain demurrer to the evidence of plaintiff.

By the Court: It is so ordered.

Note.—See under (1) 26 Cyc. p. 1519 ; anno. 27 L. R. A. 161; 18 R. C. L. pp. 786, 787 : 4 R. C. L. Supp. p. 1204. (2 3) 28 Cyc. pp. 38, 39; anno. 41 L. R. A. (N. S.) 775, 50 L. R. A. (N. S.) 59; L. R. A. 1916F. 223; L. R. A. 1917F. 365, L. R. A. 1918F. 297. (3) anno. 5 A. L. R. 222; 10 A. L. R. 1450 ; 14 A. L. R. 1088 ; 19 A. L. R. 387 ; 20 A. L. R. 1469, 23 A. L. R. 620 ; 2 R. C. L. 1199 ; 1 R. C. L. Supp. 734 ; 4 R. C. L. Supp. pp. 153, 154 ; 5 R. C. L. Supp. 140.