## MILLER v. TROY LAUNDRY MACHINERY CO.

No. 28172.   Oct. 11, 1938.

Rehearing Denied Nov. 15, 1938.

Geo. W. Reed, Jr., for plaintiff in error.

Mills & Cohen, for defendant in error.

CORN, J. This is an appeal by plaintiff in error, who was plaintiff below, from a verdict and judgment rendered in the district court of Tulsa county. The parties will be referred to as plaintiff and defendant, respectively.

Plaintiff filed his petition alleging the following state of facts: One Green called upon plaintiff, owner of a laundry, for the purpose of selling him a rebuilt ironer.

After some negotiations plaintiff signed a written contract agreeing to pay about $4,-000 for the machine, the instrument reciting it constituted the entire contract between the parties, and no other warranties being stated or included therein. Plaintiff paid a down payment and the machine was shipped.

Bill of lading with draft attached was sent to a Tulsa bank. Plaintiff honored the draft and signed another contract, substantially the same as the first, and also signed notes for balance of the purchase price, and the machine was installed. Plaintiff alleged he attempted to operate the machine, but that it was entirely worthless and that repeated efforts to make it work were unavailing.

Thereafter plaintiff refused to make payments and offered to return machine to defendant, but the offer was refused. Plaintiff then filed this action asking cancellation of his notes and contract and to recover damages, setting up fraud of defendant's agent in making misrepresentations leading to procurement of the contract. Defendant filed answer and cross-petition, which were unverified, setting up the notes and contract and asking judgment thereon against the plaintiff.

At the first trial of this cause the trial court sustained a demurrer to the plaintiff's evidence upon the ground the parol evidence rule, prevented proof of fraud in the inducement to the signing of a contract, when the alleged representations are at a variance with the contract. On appeal this decision of the trial court was reversed and the cause remanded for a new trial.

The case at bar was tried upon the same facts and pleadings. At the close of all the evidence the jury returned a verdict against the plaintiff and for defendant upon its cross-petition. From this judgment and verdict the plaintiff has appealed, basing his claim for reversal upon the trial court's action in giving instructions Nos. 1 and 2. Particular complaint is made of instruction No. 1, by which the trial court told the jury, in order to bind the defendant for the alleged representations of the salesman, Green, it was necessary to prove he acted for the defendant in making such representations and was so authorized, or that defendant approved the contract with knowledge of the fraud.

The basis of plaintiff's argument is that the question of the salesman's authority as agent of defendant was not an issue in the case because the allegation of agency was not denied under oath. The rule of this court as announced in the case of Burford v. Hughes, 75 Okla. 150, 182 P. 689, holds:

"An allegation of an agency in a pleading must be taken as true unless denied under oath; but, if no objection is made to the introduction of evidence to prove or disprove agency, then this statutory requirement is waived, and in such a case it is the duty of the court to submit the issue of agency as though the pleading denying the agency were verified."

At the trial the plaintiff testified as to Green's agency, and the testimony of Green upon this question was offered in the form of a deposition. The plaintiff's argument is that from all of this it conclusively follows that Green was an agent and the defendant is thus bound by any representations made. Hence, the agency of Green being admitted, the plaintiff argues that, as a matter of law, he had the authority to make representations upon which the plaintiff relied, and the trial court therefore erred in instructing the jury that agency had to be proved.

Green's testimony, which was admitted without objection, was that he had no authority to make any warranties in writing, or orally, and that he had no authority to make any representations in respect to the quality or condition of secondhand machinery.

It must be noted the record fails to disclose the plaintiff at any time objected to evidence introduced by the defendant regarding the extent of the agent's authority on the ground of a failure to deny same under oath. Although plaintiff did object to any proof by Green as to his lack of authority to make representations, the objection was never urged on the ground defendant was precluded from making such proof by a failure to deny under oath.

Paragraph 5 of the syllabus in Advance-Rumely Thresher Co., Inc., v. Alexander, 156 Okla. 150, 9 P.2d 934, is as follows:

"Where the testimony as to the authority of an agent is conflicting, the authority of the agent is to be determined by the jury under proper instructions, and in the determination thereof the jury may consider all of the facts and circumstances shown by the evidence in the case."

This rule has often been declared by this court, and has been re-affirmed in the more recent cases of W. T. Rawleigh Co. v. Cate,

170 Okla. 38, 38 P.2d 940; Williams v. LeForce, 177 Okla. 638, 61 P.2d 714. See, also, Catlin v. Reed, 141 Okla. 14, 283 P. 549, 67 A. L. R. 1410.

Failure to deny the allegation of agency under oath was waived when the plaintiff failed to object to the testimony showing lack of authority on the part of the salesman to make any representations whatever. At the conclusion of this evidence the trial court instructed the jury, in order to bind the defendant by any fraudulent representations, it was necessary to prove Green acted for defendant in making such representations and was authorized to do so, or that the contract of purchase was approved by defendant with knowledge of the fraudulent representations.

After consideration of the record and in view of the fact that the issue as to authority of the agent was properly raised, we are of the opinion the instruction was proper.

We find no merit in the argument for reversal which is based upon instruction No. 2, by which the jury was told that to establish fraud a material, false representation had to be shown, and fraud had to be proved by clear, convincing evidence and sustained by a preponderance of the evidence so convincing as to repel every presump'ion of good faith. Such statement of the law has too often been upheld to require citation. In view of the conflicting evidence, the issue was properly submitted to the jury, and there being competent evidence reasonably tending to sustain the verdict of the jury, this court will not disturb its findings thereon.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and DAVISON, JJ., concur.