**RANDOLPH v. SCHUTH et ux.**

No. 28666.     May 9, 1939.

Rehearing Denied May 31, 1939.

Clayton B. Pierce, Truman B. Rucker, and Rollie C. Clark, for plaintiff in error.

Carey Caldwell and L. L. Roberts, for defendants in error.

GIBSON, J. This appeal is from the judgment of the district court of Craig county based upon a verdict awarding damages to the plaintiffs below for the wrongful death of their son, Ivan Schuth.

Plaintiffs charged that at the time Schuth lost his life he was riding in defendant's Buick automobile at the invitation and as the guest of the defendant, and that at the time of the fatal accident said automobile was being driven by one Bertie Parker as defendant's agent in a negligent manner, resulting in the death aforesaid.

The first and paramount question for determination involves the relationship of principal and agent with reference to the defendant and Bertie Parker.

On this point the plaintiffs have produced no direct testimony, but rely entirely upon circumstantial evidence. The defendant produced positive and direct testimony, as well as circumstantial evidence, showing that Ivan Schuth, the deceased, was driving at the time of the accident.

In the afternoon of the day preceding the accident the defendant Randolph invited some young men to accompany him on a fishing trip. In addition to the defendant

the group originally consisted of Bertie Parker, Bud Haney, and Wilburn Gross. First they drove around in defendant's car, visiting certain towns in the vicinity, and near dark proceeded to Big Cabin creek, where they established a camp. During the night they were joined by John Parker and the deceased, who had driven out from Welch in the former's Ford automobile. Near midnight the defendant and John Parker drove away in the Ford on an errand. On their return they found the others in the Buick parked at a point near their camp. Bertie Parker was then in the driver's seat of the Buick, and Randolph commanded him to follow the Ford, whereupon the two cars proceeded to a beacon tower some distance away, where the entire group engaged in more or less aimless play until approximately 3 a. m.

On leaving the beacon tower the defendant and John Parker took the Ford, and the others, with deceased, entered the Buick. The defendant gave a general command for them to follow. Soon afterwards the cars became separated and at dawn the Buick was found wrecked, with Schuth and Haney dead, and Bertie Parker and Wilburn Gross in such a dazed condition that they were unable at that time to give an account of the accident.

Bertie Parker, testifying for defendant, said that Schuth drove the Buick from the beacon and was driving when the accident occurred. Wilburn Gross, for the plaintiffs, said that Schuth was in the driver's seat of the Buick shortly before they departed from the beacon, but was not sure that he drove the car away. Defendant said he paid no attention as to who was driving, and did not care who drove. He denied that he had instructed Bertie Parker to drive.

There is evidence that Bertie Parker was in the driver's seat when the wreck was discovered at dawn. He was in a dazed condition and moved about, climbed into the rear compartment, got out and sat on the running board, and lay down on the ground. Schuth's body was in the front compartment, his head and one arm through the windshield to the right. The steering shaft was bent forward almost to the windshield. Parker, however, proved to be only slightly injured.

In addition to the above, the circumstantial evidence relied on by plaintiffs is that the defendant on former occasions had permitted Bertie Parker to drive his automobile; that in the afternoon aforesaid he had requested Parker to drive while defendant played on a guitar, and that during the entire trip none of the party except Parker had been requested by defendant to drive the car.

However, there was positive evidence that others besides Parker and the defendant had driven the car at some time in the afternoon in question. There was no evidence that others were denied the privilege of driving. There was no evidence that defendant had actually requested Parker to drive except on the one occasion when defendant played the guitar. At Big Cabin creek Parker was sitting in the driver's seat of the Buick when Randolph commanded the occupants to follow as he drove away in the Ford. But there is no evidence that Randolph commanded Parker to do the driving.

The jury has said that these circumstances give rise to a logical inference that Bertie Parker was not only driving the car when the wreck took place, but was driving at defendant's request, and therefore as his servant.

We are entirely unable to follow this factual reasoning. Assuming that it may be properly inferred from the circumstances that Parker was actually the driver, there is no circumstance in evidence from which the ordinary man may draw the conclusion that he had been delegated by defendant to do the driving. There is no previous agency upon which to base a presumption or inference that the agency continued up to the time of the wreck. There was no former admitted agency, and no proof that Bertie Parker had ever been put in charge of the Buick. That he happened to be in the driver's seat when the command was made at Big Cabin creek to follow is of no probative value. Defendant no more requested him to do the driving than he requested the other occupants.

The complete picture with reference to agency as presented by the evidence is that the defendant relinquished his car to the use of four persons without directions as to who should operate the same. The fact that one drove with defendant's consent raises no presumption that an agency was thereby created. Jamar v. Brightwell, 162 Okla. 124, 19 P.2d 366. There we held that proof that defendant's car was with his consent being driven by his child at the time of the accident was not sufficient to raise a presumption that the child was acting as the father's agent. That rule well applies here. See, also, Stumpf v. Montgomery, 101 Okla.

257, 226 P. 65; Neilan Co., Ltd., v. Miller, 175 Okla. 104, 52 P.2d 783.

The parties in the Buick were mere bailees, borrowers, of the car. Where the owner relinquishes control of an automobile to a borrower, he is not liable for the negligence of the latter. 42 C. J. 1115, sec. 873.

By reason of the failure of the evidence to establish the relationship of master and servant between defendant and Bertie Parker, the judgment must be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

It is so ordered.

WELCH, V. C. J., and RILEY, OSBORN, CORN, and HURST, JJ., concur. BAYLESS, C. J., and DAVISON and DANNER, JJ., absent.