FARMERS' EDUCATIONAL AND CO-OPERATIVE UNION OF AMERICA v. EAKINS.

No. 29476. Nov. 26, 1940.

Rehearing Denied Dec. 24, 1940.

As Amended Dec. 26, 1940.

108 P. 2d 182.

William M. Franklin, of Oklahoma City, for plaintiff in error.

F. E. Young, of Oklahoma City, for defendant in error.

WELCH, V. C. J. This action was instituted by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover damages for personal injury.

Plaintiff alleged, in substance, that the defendant was the operator through the agency of subordinate division of a certain gasoline service station, and that the plaintiff drove upon the premises for automobile service, stepped into a hole in the driveway and was injured to his damage in the sum of $1,100, for which he prayed judgment. The defendant answered with a general and specific denial and a plea of contributory negligence. A jury was waived and the cause tried to the court. The court, after taking the matter under advisement for sometime, found the issues generally in favor of the plaintiff and against the defendant, and gave plaintiff judgment in the sum of $250. The defendant appeals and urges for reversal of said judgment that it is unsupported by the evidence and is contrary to law.

It is urged that the defendant is a Texas corporation; that the record shows the gasoline station was operated by the Oklahoma State Union, entirely separate from this defendant, and that this defendant had no interest in or connection with the gasoline station or its operation. It appears conceded that, since this was a jury case, the record is examined to ascertain whether there is any competent evidence to sustain the finding and judgment of the court where the cause was tried upon waiver of the jury.

The evidence is to the effect that the gasoline service station where plaintiff's injury occurred was operated by the Oklahoma State Union, which it is ad-

mitted was chartered by the defendant corporation. Further evidence is to the effect that the Oklahoma State Union is managed and controlled by officers other than the officers of the defendant corporation; that the defendant corporation has or claims no interest in any of the property belonging to the Oklahoma State Union; that it does not participate in any of the business activities of the State Union; does not share in any of the profits or losses of the State Union in its business enterprises; that when and if the State Union engages in any business enterprise it does so under the sole authority of its own constitution and by-laws, and under the exclusive control and management of its own officers, and that the defendant corporation has no control, authority, or supervision over the officers or employees of the State Union, particularly in the matter of the conduct of any business enterprise in which the State Union may have been engaged. Such evidence is not denied.

From the charter and constitution of the defendant corporation it is doubtful if authority is given for it to engage in any manner in the retail sale of gasoline, and it seems therefore that it is unlikely that it would attempt to confer that authority upon any of its local unions to which it might issue a charter. There is nothing in evidence to show that the defendant corporation in any manner attempted so to do in the present case. There is no evidence herein to show that the defendant corporation controlled or attempted to control any of the persons or activities here shown to have been the cause of the injury, or that it had any interest in the filling station property or shared in any of the profits. In doing the things which it is said caused the injury, the persons so acting were not serving the defendant corporation in any capacity.

While the evidence discloses plaintiff's personal injury, there is a total failure of competent evidence to show that this defendant operated the filling station or was interested in its operation, or was in any way concerned in the maintenance of the driveway, or was in any way responsible for the defective condition thereof. There is therefore no competent evidence sustaining liability of this defendant for plaintiff's injury. There is no competent evidence to show that the State Union operated the gasoline station as an agent of this defendant.

Plaintiff complains of the action of the trial court in permitting the verification of defendant's answer during the trial, for the reason that by the verification the question of agency was then made an issue in the case for the first time. But plaintiff made no objection to the evidence offered by defendant to establish the fact that the service station was not operated by it in any manner, and that defendant had no interest in, or control over, the operation thereof. He therefore waived the lack of verification, and the question of agency was as much an issue as if the answer had been verified before the trial. Miller v. Troy Laundry Machinery Co., 183 Okla. 626, 84 P. 2d 627.

We therefore conclude that there is no evidence to sustain the judgment of the trial court, and the same is reversed.

BAYLESS, C. J., and OSBORN, HURST, and NEFF, JJ., concur.