S. S. Lawrence, of Tulsa, for plaintiff in error.

Hughey Baker, of Tulsa, for defendant in error Paul Edwards.

ARNOLD, J. This appeal arises out of a controversy between real estate brokers, McCoy, Cox, Edwards, and McAffrey, over a real estate commission admittedly earned by one or more of them. The jury returned a verdict in favor of Edwards and against Cox. Cox appealed. Neither McCoy nor McAffrey cross-appealed. McCoy as plaintiff below and Edwards as intervener each alleged as against the other and against Cox, a defendant below, that Cox was his subagent under an agreement to split the commission. Cox denied the alleged agency by general unverified denial. When the case was called for trial the parties announced ready and opening statements were made. Suggestion was made by McCoy, concurred in by Edwards, that the answer of Cox, being unverified, admitted

the alleged subagency of Cox. Whereupon Cox asked leave of court to amend his answer so as to verify the denial of alleged agency. This request was refused and Cox saved an exception to the ruling. McCoy and Edwards put on proof of the alleged arrangement between them individually and Cox. Cox offered proof to contradict such evidence and to show that he acted in his individual capacity in consummating the sale. The principal defendants, Lena and Wendell Phillips, alleged and offered proof to the effect that Cox acted independently, produced the buyer, and was the procuring cause of the sale. The evidence is conclusive that Cox procured the purchaser and, under the theory and testimony of both Edwards and McCoy and the principal defendants, was entitled to at least 50 per cent of the commission earned. Some of the testimony offered by Cox to contradict the proof of agency alleged by McCoy and Edwards was admitted in evidence and some of it was rejected.

No further statement of facts is necessary or pertinent to the determinative issue.

The evidence introduced by Cox was sufficient to submit to the jury the question of whether or not he acted independently of Edwards or McCoy or acted as subagent of either in procuring the purchaser for the property. The trial judge instructed the jury that Cox was the subagent of both McCoy and Edwards, but submitted for the determination of the jury the question of whether Cox was representing McCoy or Edwards in making the sale. The trial judge evidently entertained the idea that Cox, by failing to verify his answer to McCoy's petition and Edwards' plea of intervention, admitted the alleged agency of both. 12 O. S. 1941 § 286. The contention is made here by Cox that the trial judge abused his discretion in refusing his request to verify his denial of agency, and incidentally it is pointed out that this abuse led the court into the further error of improperly instructing the jury that as a matter of law Cox was the subagent of Edwards and McCoy. As the sixth paragraph of his petition in error he says:

"That the court erred in instructing the jury that this plaintiff in error, Theodore Cox, was the agent of the intervenor Paul Edwards, when the record showed conclusively that this plaintiff in error, Theodore Cox, was an independent broker."

A litigant who introduced proof of the agency alleged by him waives the applicability of the statute relied upon and the question is thereafter an open one. Whitney v. Low, 137 Okla. 1, 278 P. 1096; Farmers' Educational & Co-Operative Union of America v. Eakins, 188 Okla. 324, 108 P. 2d 182. The reason for the rule is apparent and well stated in the foregoing cases.

As hereinbefore pointed out, McCoy and Edwards were not content to rely upon their allegation of the agency of Cox, but testified to the entire transaction between them and Cox. The court should have then accorded full opportunity to Cox to controvert the proof of agency introduced by McCoy and Edwards. The trial court's misconception of the situation created led it into the error of refusing Cox the right to offer proof on the paramount, if not the only, issue in the case. From what has been said, it is obvious that the abuse of discretion on the part of the trial court, if it were abuse, under the circumstances, was harmless in view of the waiver pointed out. It also is equally apparent that the instruction complained of was erroneous and had the effect of denying Cox his right to have the jury pass upon and determine a material issue substantially affecting him.

Nothing said herein should be construed to mean or indicate that we hold or would hold that such an allegation of agency as here presented is within the purview of section 286, supra, and unless denied under oath will be taken

as true. That question is not here determined.

Reversed, with instructions to grant a new trial.

CORN, C.J., GIBSON, V.C.J., and OSBORN, WELCH, HURST, and DAVISON JJ., concur. RILEY and BAYLESS, JJ., concur in conclusion.