**Cherry Lee WAGNON et al., Appellees,**

v.

**James Patrick CARTER and Robert Gene Carter, Appellants.**

**No. 45712.**

Supreme Court of Oklahoma.

Jan. 21, 1975.

Rehearing Denied April 8, 1975.

Jack Sellers, Sapulpa, Joe A. Moore, Memphis, Tenn., for appellees.

Foliart, Mills & Niemeyer by George Dahnke, Oklahoma City, Blackstock & McMillan, Bristow, for appellants.

BERRY, Justice:

Plaintiffs, the owner of an automobile, the driver and the driver's mother, brought actions against Robert Carter, James Carter and others, for damages allegedly sustained in an automobile accident. The three actions were consolidated for trial. The trial court entered judgment for plaintiffs. Defendants Carter appeal. The Court of Appeals, Division 2, affirmed the trial court's judgment. Defendants Carter petition for writ of certiorari.

The evidence indicates Robert Carter loaned his automobile to his son, James Carter. James was 17 years old at the time.

James and three male companions drove to another town. James then allowed a passenger, Gaines, to drive.

While Gaines was driving the boys pursued an automobile in which 5 young girls were riding. Plaintiff Cherry Wagnon was driving this automobile. The Carter automobile eventually collided with the Wagnon automobile.

Plaintiffs' petitions allege various acts of negligence by Gaines and that Gaines' acts were the acts of the other defendants because he was their agent, servant and employee, and was acting within the scope of his authority.

Each defendant Carter filed an unverified answer specifically denying any agency relationship with other defendants, including Gaines.

Plaintiffs' replies included general denials of allegations in the answers.

Both defendants Carter demurred to plaintiffs' evidence on the ground plaintiffs introduced no evidence Gaines was defendants' agent.

The trial court overruled the demurrers holding that under 12 O.S.1971, § 286, defendants admitted agency by failing to verify their answers.

Section 286, supra, provides in part as follows:

"In all actions, allegations * * * of any appointment of authority * * * shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

The trial court's instruction 25 stated defendants' pleadings admitted Gaines was their agent and the jury could find for plaintiffs if it found Gaines was acting within the scope of his employment.

On appeal defendants contend instruction 25 was erroneous insofar as it stated de-

fendants had admitted Gaines was their agent. In this regard they contend plaintiffs waived any right to rely upon admissions resulting from defendants' failure to verify their answers because plaintiffs failed to object to the answers before proceeding to trial.

Defendants contend the applicable rule is set out in *Nipp v. Harding*, Okl., 475 P.2d 177, as follows:

"In *Littlefield v. Roberts*, Okl., 448 P. 2d 851, we stated that, as to matters contemplated by 12 O.S.1961, § 286, if the plaintiff fails to make objection to an unverified answer before proceeding to trial, either by motion to strike or in some other proper manner, he is deemed to have waived any objection to the plea on the ground of failure to verify the same."

They also cite other cases containing similar language. See *Nicholson v. McGuire*, Okl., 434 P.2d 887; *Ward v. Coleman*, 170 Okl. 201, 39 P.2d 113; *Whitney v. Low*, 137 Okl. 1, 278 P. 1096; *Jones v. Citizens' State Bank*, 39 Okl. 393, 135 P. 373; *Krieger v. Marshall*, Okl., 292 P.2d 379.

Plaintiffs recognize the cited cases contain language supporting defendants' position. However, they contend closer examination of the decisions reveals they do not support defendants' claim of waiver.

They contend some of the cited cases hold where trial is conducted as if verification had been made, the plaintiff may not raise the issue of lack of verification on appeal, and others hold one waives lack of verification by introducing evidence to prove the fact admitted by lack of verification.

They contend these decisions are not applicable here because they introduced no evidence concerning agency and made timely and repeated objections to all evidence concerning agency.

We have held plaintiff waives failure to verify an answer by attempting to prove facts admitted by lack of verification or allowing defendant to introduce evidence which tends to disprove such facts. *Spaulding v. Thompson*, 60 Okl. 136, 159 P. 509; *Cox v. Edwards*, 194 Okl. 584, 153 P.2d 1022; *Farmers Educational & Cooperative Union of America v. Eakins*, 188 Okl. 324, 108 P.2d 182.

In the present case plaintiffs did not introduce evidence tending to prove agency, nor did they allow defendants to introduce evidence to establish the non-existence of agency.

However, defendants unverified answers specifically denied agency.

Prior to commencement of trial plaintiffs in no way attempted to raise the issue that defendants had admitted agency by failing to verify their answers.

During opening statement plaintiffs' attorney stated the evidence would be Gaines was the agent, servant and employee of the other defendants and was acting with their express and implied permission.

Attorneys for defendants Carter and other defendants stated the evidence would show Gaines was not the agent of defendants.

Plaintiffs' attorney did object to the latter statements on the ground they were outside the scope of the issues presented by the pleadings. However, he did not urge defendants were precluded from making such proof due to failure to verify their denials of agency.

That such objections were insufficient to call the court's attention, or defendants' attention, to the lack of verification is evidenced by the fact that all such objections were overruled.

In *Miller v. Troy Laundry Machinery Co.*, 183 Okl. 626, 84 P.2d 627 we held in paragraph 2 of the syllabus:

"Where there is a failure to deny an allegation of agency under oath, but at the trial the plaintiff allows testimony to be given regarding the lack of authority of the alleged agent without objecting to same *on grounds of defendant's failure to deny agency under oath*, the statutory

requirement is waived * * *" [emphasis added]

We conclude these objections were insufficient to raise the issue of lack of verification.

After defendants demurred to plaintiffs' evidence, plaintiffs' attorney, for the first time, stated the true ground for his objections.

The court then held defendants admitted agency by failing to verify the denials.

Defendants Carter did not seek to amend their answers to show verification. However, another defendant did move to amend his answer and the motion was overruled on the ground plaintiffs would be prejudiced by the amendment.

Section 286, supra, was not intended to be a trap for the unwary. *Carr v. Ingle,* Okl., 395 P.2d 650.

■ We conclude under these circumstances plaintiffs waived their right to rely upon the admission of agency resulting from the Carters' failure to verify their answers.

■ Plaintiffs further contend defendants Carter may not raise this contention on appeal because they at no time sought to amend their answers by adding a verification.

Since plaintiffs waived the admission resulting from failure to verify the denials, it was not necessary for defendants to amend their answers. *Cox v. Edwards, supra.*

We conclude the trial court erred in holding defendants Carter admitted Gaines was their agent and conclude instruction 25 was erroneous insofar as it stated defendants had admitted agency.

■ The owner of an automobile who relinquishes it to a borrower is not liable for damages resulting from the borrower's negligence unless the borrower is the owner's agent or the owner's negligence in some way contributes to the damages. *Randolph v. Schuth,* 185 Okl. 204, 90 P.2d 880; *Schmitt v. Kier,* 111 Okl. 23, 238 P.

410; *Stumpf v. Montgomery,* 101 Okl. 257, 226 P. 65; *Fielding v. Dickinson,* 204 Okl. 372, 230 P.2d 446.

■ Defendant Robert Carter was prejudiced by instruction 25 because it allowed the jury to find against him even though there was no evidence indicating Gaines was his agent and no evidence indicating any negligence by defendant Robert Carter contributed to the accident.

■ Defendant Robert Carter contends there was insufficient evidence to support a verdict against him and for this reason the judgment of the trial court should be reversed with instructions to enter judgment in his favor.

We recognize plaintiffs failure to introduce evidence upon this point may have resulted from their belief defendant Robert Carter had admitted agency.

We conclude defendant Robert Carter is entitled to a new trial.

Defendant James Carter was 17 years of age when the accident occurred.

A minor is liable for his own torts. 15 O.S.1971, § 25.

■ Under the facts presented James had the same right of control over the automobile as an owner. When the owner of an automobile becomes a passenger therein he has the right, and duty, to prevent the driver from driving in a reckless or dangerous manner or in violation of the law. When he has an opportunity to restrain the driver and fails to do so he will be held responsible for the consequences. *Ellis v. Fixico,* 174 Okl. 116, 50 P.2d 162.

■ We conclude the jury could have held James liable on the ground he failed to properly supervise Gaines' driving and such negligence was a cause of plaintiffs' damages.

However, instruction 25 allowed the jury to return a verdict against James, regardless of whether his acts constituted negligence, on the theory Gaines was his agent and Gaines' negligence was imputed to him.

**740**

At the time of the accident 15 O.S.1971, § 17 [it has since been amended, 15 O.S. Supp.1974 § 17] provided:

"A minor cannot give a delegation of power, nor under the age of eighteen, make a contract relating to real property, or any interest therein, or relating to any personal property not in his immediate possession or control, except as otherwise specially provided."

We have construed this statute to mean a minor does not have the capacity to appoint an agent. In *Carlile v. National Oil & Development Co.,* 83 Okl. 217, 201 P. 377, we stated:

"It appears from the above provision that a minor cannot grant a delegation of power even before or after he is 18 years of age * * *."

"The statute heretofore quoted absolutely forbids a minor, at any time during his minority, giving a delegation of power. In other words, appointing an agent. And any such appointment is absolutely void, * * *."

■ Since James was a minor when the accident occurred, we conclude he did not have the capacity to appoint an agent. For this reason he could not be held liable under the theory set out in instruction 25 [i.e. on the theory Gaines was his agent and Gaines' negligence could be imputed to him]. *Bell v. Green,* Mo., 423 S.W.2d 724.; 6 Blashfield Automobile Law and Practice, § 252.5; 42 Am.Jur.2d, Infants § 140.

Certiorari granted. Decision of Court of Appeals is vacated and the judgment of the trial court is reversed and remanded with instructions to grant defendant James Carter and defendant Robert Carter a new trial.

WILLIAMS, C. J., and DAVISON, IRWIN, LAVENDER and BARNES, JJ., concur.

HODGES, V. C. J., and DOOLIN, J., concur as to James Carter but dissent as to Robert Carter.

SIMMS, J., not participating.