**MOYER CAR RENTAL, INC., an Oklahoma Corporation, Appellant,**

v.

**HALLIBURTON COMPANY, a Foreign Corporation, Appellee.**

No. 49658.

Supreme Court of Oklahoma.

April 15, 1980.

Armstrong, Burns, Baumert & Maddox, Ponca City, for appellant.

Brewer, Worten & Robinett, Bartlesville, for appellee.

BARNES, Justice:

In July, 1974, a Mr. Edward Van Eeckhout rented an automobile from Moyer Car Rental, Inc., an Oklahoma corporation. While operating that vehicle, Mr. Van Eeckhout was involved in a two-car collision in Osage County, Oklahoma. The other vehicle involved in the collision was owned by the Halliburton Company and driven by Mr. Terry Robert Lacy, an employee and admitted agent of the Halliburton Company, a foreign corporation.

In April 1975, a suit was initiated by Moyer Car Rental, Inc., against the Halliburton Company, in which the rental car company sought to be compensated for damage to its rental automobile, allegedly caused by the negligence of Halliburton's agent, Mr. Lacy. As the suit progressed, Halliburton filed a cross-petition, seeking to be compensated for damage done to its automobile, allegedly caused by the negligence of Mr. Van Eeckhout, the gentleman who rented the automobile from Moyer Car Rental. The cause was ultimately tried to a jury, and the jury determined that both Mr. Lacy and Mr. Van Eeckhout were 50% negligent. Thereafter, the trial court entered a judgment in which neither party recovered any damage, as each party had failed to prove that the other was more negligent than himself. Moyer Car Rental, Inc., appeals from that judgment, arguing that it was error for the trial court to impute the negligence of its lessee, Mr. Van Eeckhout, to it, and that if that negligence were not imputed to it, Moyer would have been 0% negligent and entitled to a judgment

against Halliburton. In support of this proposition, Moyer cites many cases in which this Court has held that the mere fact that an owner of a vehicle gives permission to a third party to operate the owner's automobile is not, alone, sufficient grounds upon which to impute the negligence of the third party to the owner. Moyer also argues that 47 O.S.1971 § 8–102(c), does not operate to impute Mr. Van Eeckhout's negligence to Moyer. Title 47 O.S.1971 § 8–102(c), upon which the trial court relied, provides:

> "*Any owner of a for-rent motor vehicle who has given proof of financial responsibility under this section or who in violation of this act has failed to give proof of financial responsibility shall be jointly and severally liable with any person operating such vehicle* for any damages caused by the negligence of any person operating the vehicle by or with the permission of the owner, except that the foregoing provision shall not confer any right of action upon any passenger in any such rented vehicle as against the owner." [Emphasis added]

Appellant Moyer argues that although the above quoted statute seems on its face to impute the negligence of a lessee of a for-rent vehicle to the owner of such a vehicle, an analysis of Chapter 8 of Title 47 in its entirety demonstrates that such liability is only to be imputed to the owner under the following circumstances: (1) when the owner of the vehicle has failed to give proof of financial responsibility in violation of Chapter 8 of Title 47, or (2) when the owner of a for-rent vehicle has chosen to give proof of financial responsibility *under the provisions of 47 O.S., § 8–1202, rather than under the provisions of Section 8–101 of that Title.* We agree with Appellant's contention. Under the provisions of Chapter 8 of Title 47, the owner of a for-rent vehicle may give proof of financial responsibility either under the provisions of Section 8–101 [1] of that chapter or under the provisions

---

1. 47 O.S., § 8–101, provides:

"Owner of for-rent vehicle to give proof of financial responsibility. (a) It shall be unlawful for the owner of any motor vehicle engaged in the business of renting motor vehicles without drivers to rent a motor vehicle without a driver otherwise than as a part of the bona fide transaction involving the sale of such motor vehicle, unless he has previously notified the Department of the intention to so rent such vehicle and has given proof of financial responsibility, and the Oklahoma Tax Commission shall not register any such vehicle unless and until the owner gives proof of financial responsibility either as provided in this section or, in the alternative, as provided in section 8–102. The Department shall cancel the registration of any motor vehicle rented without a driver whenever the Department ascertains that the owner has failed or is unable to give and maintain such proof of financial responsibility.

"(b) Such owner shall submit to the Commissioner evidence that there has been issued to him by an insurance carrier authorized to do business in this state a public liability insurance policy or policies covering each such motor vehicle so rented in the amounts as hereinafter stated and insuring every person operating such vehicle under a rental agreement or operating the vehicle with the express or implied permission of the owner against loss from the liability imposed by law upon such person arising out of the operation of said vehicle in the amount of Ten Thousand Dollars ($10,-000.00) for bodily injury to or death of one person and, subject to said limit as respects bodily injury to or death of any one person, the amount of Twenty Thousand Dollars ($20,-000.00) on account of bodily injury to or death of more than one person in any one accident and Five Thousand Dollars ($5,000.00) for damage to property of others in any one accident. Provided, that the Commissioner is authorized to accept in lieu of such public liability insurance policy covering specific vehicles proof by evidence satisfactory to the Commissioner of a valid and binding lease contract between the owner and a renter wherein it is agreed between such owner and the lessee-renter that such lessee-renter accepts responsibility for loss from any liability imposed by law upon any person arising out of the operation, either by express or implied permission of the lessee-renter, of any vehicle covered by such lease in amounts not less than the minimum amounts before set out in this subsection, together with satisfactory evidence of issuance to such lessee-renter, by an insurance carrier authorized to do business in this state, proper public liability insurance policies in amounts of not less than the minimum amounts before set out in this subsection or sufficient showing of financial responsibility of such lessee-renter as is required of owners by the provisions of Section 8–102 of this Code.

"(c) The owner shall maintain such policy or policies in full force and effect during all times that he is engaged in the business of renting any motor vehicle without a driver unless said

of Section 8–102 [2] of that Chapter.

Under the provisions of Section 8–101, the owner of a for-rent vehicle may give proof of financial responsibility in one of two ways, either of which involve the issuance of automobile liability insurance policies:

1. The owner may submit evidence that there has been issued to him by an insurance carrier authorized to do business in the State, a liability insurance policy or policies covering each for-rent vehicle owned, insuring every person operating such vehicle under a rental agreement or operating the vehicle with the express or implied permission of the owner against loss and liability imposed by law upon such person arising out of the operation of the vehicle. The owner must also show that such policies meet or exceed specific liability amounts required by that Section.

2. Alternatively, the owner of a for-rent vehicle may give proof of financial responsibility under the provisions of Section 8-101, by submitting evidence, satisfactory to the Commission, of a valid and binding lease contract between the owner and the lessee, wherein the lessee accepts the responsibility for loss from any liability imposed by law upon any person arising out of the operation of any vehicle

owner shall have given proof of financial responsibility as provided in section 8–102.

"(d) Said policy or policies need not cover any liability incurred by the renter of any vehicle to any passenger in such vehicle.

"(e) When any suit or action is brought against the owner of a for-rent motor vehicle upon a liability under this act, it shall be the duty of the judge of the court before whom the case is pending to cause a preliminary hearing to be had in the absence of the jury for the purpose of determining whether the owner has obtained and there is in full force and effect a policy or policies of insurance covering the person operating the vehicle under a rental agreement in the limits above mentioned. When it appears that the owner has obtained such policy or policies and that the same are in full force and effect, the judge or magistrate before whom such action is pending shall dismiss the action as to the owner of the motor vehicle.

"(f) Whenever the owner of a motor vehicle rents such vehicle without a driver to another it shall be unlawful for the latter to permit any other person to operate such vehicle without the permission of the owner.

"(g) Any person who violates any of the provisions of this section shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than Five Hundred Dollars ($500.00) or by imprisonment for not more than six months or by both such fine and imprisonment."

2. 47 O.S., § 8–102, provides:

"Owner of for-rent vehicle liable when no policy obtained.

"(a) In the event the owner of a for-rent motor vehicle has not given proof of financial responsibility as provided in section 8–101, then the Oklahoma Tax Commission shall not register any motor vehicle owned by such person and rented, or intended to be rented, to another unless such owner shall demonstrate, to the satisfaction of the Commissioner, his financial ability to respond in damages as follows:

"1. If he applies for registration of one motor vehicle, in the sum of at least Ten Thousand Dollars ($10,000.00) for any one person injured or killed and in the sum of Twenty-Thousand Dollars ($20,000.00) for any number more than one injured or killed in any one accident.

"2. If he applies for the registration of more than one motor vehicle, then in the foregoing sums for one motor vehicle and Ten Thousand Dollars ($10,000.00) additional for each motor vehicle in excess of one, but it shall be sufficient for the owner to demonstrate ability to respond in damages in the sum of One Hundred Thousand Dollars ($100,000.00) for any number of motor vehicles.

"(b) The department shall cancel the registration of any motor vehicle rented without a driver whenever the Department ascertains that the owner has failed or is unable to comply with requirements of this section.

"(c) Any owner of a for-rent vehicle who has given proof of financial responsibility under this section or who in violation of this act has failed to give proof of financial responsibility shall be jointly and severally liable with any person operating such vehicle for any damages caused by the negligence of any person operating the vehicle by or with the permission of the owner, except that the foregoing provision shall not confer any right of action upon any passenger in any such rented vehicle as against the owner.

"(d) Nothing in this section shall be construed to prevent an owner from making defense in any such action upon the ground of comparative or contributory negligence to the extent to which such defense is allowed in other cases."

covered by such a lease agreement, together with satisfactory evidence of the issuance of a liability insurance policy *to the lessee*, which satisfies the statutory amounts, and other requirements.

When the owner of a for-rent vehicle gives proof of financial responsibility utilizing either of the above provided methods set forth in Section 8–101 of Title 47, any direct action against the owner should, pursuant to Section 8–101(e), be dismissed. That Section provides:

"When any suit or action is brought against the owner of a for-rent motor vehicle upon a liability under this act, *it shall be the duty of the judge of the court before whom the case is pending to cause a preliminary hearing to be had in the absence of the jury for the purpose of determining whether the owner has obtained and there is in full force and effect a policy or policies of insurance covering the person operating the vehicle* under a rental agreement in the limits above mentioned. When it appears that the owner has obtained such policy or policies and that the same are in full force and effect, the judge or magistrate before whom such action is pending *shall dismiss the action as to the owner of the motor vehicle.*" [Emphasis added]

Such, however, is not the case when financial responsibility is proven pursuant to the provisions of Section 8–102 of Title 47. Under the provisions of that Section, the owner of a for-rent vehicle may prove financial responsibility by demonstrating to the satisfaction of the Oklahoma Tax Commission that he or she has the *financial ability to respond in damages,* in accordance with set sums per vehicle and accident, set forth in that Section.

When the owner of a for-rent vehicle chooses to give proof of financial responsibility in this manner, prescribed by Section 8–102, that owner is deemed to be jointly and severally liable with any person operating such vehicle for any damages caused by the negligence of any person operating the vehicle by or with the permission of the owner. Such joint and several liability is only imputed when financial responsibility is shown "under this Section 8–102." Thus, any owner demonstrating financial responsibility under the provisions of Section 8–101 is not affected by the negligence imputed under the provisions of Section 8–102.

■ The trial court was thus in error in imputing the negligence of the lessee to the owner, if Appellant had statutorily adequate insurance in effect. In so holding, we note that it is well settled under the general tort law in this jurisdiction that mere ownership of a vehicle involved in an accident or the mere showing of a marital relationship is not sufficient to impute negligence of a driver to the owner. E. g., *Gilbert v. Walker,* Okl., 356 P.2d 346 (1960), and *Lakeview v. Davidson,* 166 Okl. 171, 26 P.2d 760 (1933). It is also well settled in this jurisdiction that no presumption of agency arises from the fact that the driver of a car does so with the owner's permission. E. g., *Randolph v. Schuth,* 185 Okl. 204, 90 P.2d 880 (1939). As there was no evidence in the record of an agency relationship, we hold that the negligence of the lessee-driver should not have been imputed to the lessor-owner under general tort law principles. This is so even when a vehicle is a vehicle for rent. *Kruutari v. Hageny,* 75 F.Supp. 610 (N.D.Mich.1948); *Orose v. Hodge Drive-It-Yourself Co., Inc.,* 132 Ohio 607, 9 N.E.2d 671 (1937); and *Fisher v. Fletcher,* 191 Ind. 529, 133 N.E. 834 (1922).

As no negligence could be imputed to Moyer under the general principles of tort law, the only possible theory upon which negligence could have been imputed to Moyer was negligence based upon the joint and several liability imposed by Chapter 8 of Title 47 in cases in which automobile rental companies did not have the statutorily required insurance in full force and effect.

■ The gravamen of Moyer's allegations of error is that the trial court erred in not conducting the preliminary hearing in order to ascertain whether the statutorily required insurance was present, thus de-

priving Moyer of an opportunity to demonstrate to the court that it had such insurance in force and effect at the time of the accident. As noted above, the trial court was under a statutory duty to conduct such a hearing; its failure to perform that statutory duty was clearly error and was clearly prejudicial to Moyer, as the failure to do so deprived Moyer of an opportunity to present evidence of its insurance outside the hearing of a jury.

The only remaining question is whether Moyer's request to present such information after the jury's verdict on liability was sufficient to preserve the error for appeal. We hold that it was. The issue—the presence of the statutorily required insurance—was a question not required to be heard by the jury, but was rather one designed to be heard by the court itself. Although the statute anticipates that such a hearing would be conducted prior to trial, we see no reason, under the facts before us, why the issue could not have been addressed by the court after the jury had considered the question of negligence. This is particularly true in the case before us, since the entire theory of implied negligence by virtue of the automobile statutes was not raised until the day of trial. This being the case, we feel that it would be inequitable to deprive Moyer of its absolute defense merely because it did not request a preliminary hearing prior to trial. As the issue was one to be considered by the trial court alone, and as the theory was introduced just prior to empaneling of the jury, we hold that Moyer's request for a hearing was timely made. This being the case, the issue was properly preserved for appeal, and the Trial Judge's failure to hold such a hearing constituted grounds for a reversal in favor of Moyer. In reversing the action of the trial court, we hold that it is not necessary to relitigate the question of negligence. Rather, we remand the case to the trial court in order to determine whether Moyer had sufficient insurance in force and effect at the time of the accident to have enabled it to avoid the imputation of its lessee's negligence to Moyer and, if so, to relitigate the question of damages.

REVERSED AND REMANDED WITH INSTRUCTIONS.

LAVENDER, C. J., and WILLIAMS, HODGES, SIMMS, DOOLIN and OPALA, JJ., concur.

IRWIN, V. C. J., concurs in result.

HARGRAVE, J., dissents.