**Donald Lee WOODS, Plaintiff,**

**v.**

**BUDGET RENT–A–CAR SYSTEMS, INC. and Deborah L. Cartisano, Defendants.**

**No. 76490.**

Supreme Court of Oklahoma.

Feb. 18, 1992.

F. William Thetford, Howard K. Berry, III, Oklahoma City, for plaintiff.

Robert E. Manchester, Gerard F. Pignato, Manchester, Hiltgen & Healy, P.C., Oklahoma City, for defendant, Budget Rent–A–Car Systems, Inc.

David A. Cheek, Connie M. Bryan, McKinney, Stringer & Webster, P.C., Oklahoma City, for amicus curiae, The Hertz Corp.

SIMMS, Justice:

Certified Questions of Law from the United States District Court for the Western District of Oklahoma.

Defendant, Budget Rent–A–Car Systems, Inc. (Budget), is a Delaware corporation engaged in the business of renting vehicles to other persons for those persons to operate.

Deborah L. Cartisano, the other defendant, rented one of Budget's vehicles and was involved in an automobile accident with Donald Lee Woods, plaintiff. Woods filed a complaint in the United States District Court for the Western District of Oklahoma against Budget and Cartisano seeking damages for personal injuries.

In responsive pleadings, Budget and Cartisano asserted that they are not liable for the damages as it was Cartisano's sister-in-law, Linda Durrington, who was driving the vehicle at the time it collided with Woods' vehicle. Both defendants argue that the accident was the result of the actions of a third person over whom neither had control.

Budget filed a motion for partial summary judgment arguing that Durrington was neither authorized by Budget to operate the vehicle nor listed upon the rental agreement as an authorized driver. Budget also asserted that if it was jointly and severally liable for the damages, then its liability should be limited to $20,000.00 under 47 O.S.1981, § 8–101.

The trial court denied Budget's summary judgment motion, and Budget filed a Motion to Reconsider or in the alternative a Motion for Certification of the issues to this Court. Counsel for all parties agreed to certification and the trial court has now certified the following questions of law pursuant to the Uniform Certification of Questions of Law Act, 20 O.S.1981, §§ 1601–1611:

"(1) Whether Budget, a self-insured owner of for-rent vehicles pursuant to Okla. Stat. tit. 47, § 7–503, is subject to joint and several liability under Okla.Stat. tit. 47, § 8–102(c), for damages arising out of an accident in which its vehicle was involved if a non-permissive and unauthorized driver was operating the Budget-owned vehicle?

(2) If Budget is subject to joint and several liability, are the limits of its liability exposure consistent with the limits of liability of an insured owner of for-rent

vehicles in Oklahoma under Okla.Stat. tit. 47, § 8–101, in the amount of $20,000 per person and $40,000 per accident, or does Budget have unlimited liability exposure?"

Because we find that § 8–102 only imposes joint and several liability upon self-insured owners of for-rent vehicles when the person operating the vehicle has the owner's permission to do so, we hold that Budget is not jointly and severally liable in the narrow set of facts outlined in the first question. As to the second question, the language of 47 O.S.1981, § 8–101 indicates that the liability of the self-insured owner of for-rent vehicles is limited to $20,000.00 per person and $40,000.00 per accident.

From the manner in which the first question is framed, we can assume for our purposes that Durrington was driving the vehicle at the time of the accident and that she was doing so without the express or implied permission of Budget. Moreover, it is undisputed that Budget has complied with the financial responsibility requirements for self-insured owners of for-rent vehicles found in 47 O.S.1981 §§ 7–503, 8–101, and 8–102. Rather than purchase insurance under § 8–101, Budget opted to insure itself by proving financial responsibility under § 8–102. Subsection (c) of § 8–102 is the focus of our inquiry, and it provides, in pertinent part:

> "(c) Any owner of a for-rent motor vehicle who has given proof of financial responsibility under this section or who in violation of this act, has failed to give proof of financial responsibility *shall be jointly and severally liable with any person operating such vehicle for any damages caused by the negligence of any person operating the vehicle by or with the permission of the owner, ...*" (Emphasis added)

In *Moyer Car Rental, Inc. v. Halliburton Co.*, 610 P.2d 232 (Okla.1980), we construed § 8–101 and § 8–102 and contrasted the operation of each statute. We determined that Chapter 8 of Title 47 provides two ways in which owners of for-rent vehicles in the state may give proof of financial responsibility. Section 8–101 requires liability insurance meeting specific liability amounts to be purchased by the owner or by the lessee as long as the latter has entered into a binding and valid lease contract wherein the lessee accepts the responsibility for loss from any liability imposed by law. *See* 610 P.2d, at 235–36. We noted that there was no provision imposing joint and several liability upon the lessor/owner of the vehicles when they gave proof of financial responsibility under § 8–101.

We then contrasted § 8–102, which provides an alternative method of complying with financial responsibility requirements, to wit, demonstrating to the satisfaction of the Oklahoma Tax Commission that the owner "has the financial ability to respond in damages, in accordance with set sums per vehicle and accident." 610 P.2d, at 236. According to our reading of § 8–102(c), the negligence of "any person operating the vehicle by or with the permission of the owner" is imputed to the owner when such owner opts to give proof of financial responsibility in the manner prescribed by § 8–102. *Id.* Thus, the joint and several liability of subsection (c) imputes the *permitted* operator's negligence to the owner.

> "The goal of statutory construction is always to follow the legislative intent.... We presume the legislature intended what it expressed in a statute and the plain language will be followed without further inquiry." (Citations omitted)

*Humphrey v. Denney*, 757 P.2d 833, 835 (Okla.1988). Section 8–102(c) is not ambiguous; its language is plain. It clearly states that the owner is jointly and severally liable for damages caused by the negligence of any person operating the vehicle when that person is "operating the vehicle by or with the permission of the owner." 47 O.S.1981, § 8–102(c). The Legislature did not provide for the negligence of *all* operators to be imputed to the owner. Any other reading would ignore the plain language of the statute.

Therefore, in answer to the first certified question, we hold that Budget is not subject to joint and several liability for damages arising out of an accident involving Budget's vehicle where the person operating the vehicle did not have Budget's permission and authorization to operate it. The question is answered in the NEGATIVE.

 Woods' theory of this case is that Cartisano was actually driving at the time of the accident. The second certified question anticipates the possibility of Woods successfully proving that the permissive driver was driving the car at the time of the accident. Woods contends that because 47 O.S.1981, § 8–102(c) provides for Budget, as a self-insurer, to be "jointly and severally liable with any person operating such vehicle *for any damages* caused by the negligence of any person operating the vehicle by or with the permission of the owner," Budget's liability is limitless. This result is not the intent of the statute.

Section 8–102 (a) sets forth the manner in which an owner of for-rent vehicles may self-insure those vehicles for liability imposed by law. Subsection (a) provides that the owner must demonstrate his financial ability to respond in damages as follows:

"1. If he applies registration of one motor vehicle, in the sum of at least Twenty Thousand Dollars ($20,000.00) for any one person injured or killed and in the sum of Forty Thousand Dollars ($40,000.00) for any number more than one injured or killed in any one accident.

2. If he applies for the registration of more than one motor vehicle, then in the foregoing sums for one motor vehicle, and Twenty Thousand Dollars ($20,000.00) additional for each motor vehicle in excess of one, but it shall be sufficient for the owner to demonstrate ability to respond in damages in the amount of Two Hundred Thousand Dollars ($200,000.00) for any number of motor vehicles."

Section 8–102 contains no language suggesting the owner is liable for damages exceeding this $20,000.00 per car or $40,000.00 per accident amount. There is nothing to indicate that the Legislature intended for such for-rent vehicle owners to be liable for more than these amounts when their vehicles are involved in an accident. The words "for any damage" in subsection (c) were not intended to make the liability imposed upon the owners limitless. Budget's joint and several liability is limited to $20,000.00 per person and $40,000.00 per accident.

QUESTIONS ANSWERED.

OPALA, C.J., HODGES, V.C.J., and LAVENDER, SIMMS, DOOLIN, HARGRAVE and SUMMERS, JJ., concur.

KAUGER, J., concurs in part, dissents in part.

WILSON, J., dissents.